140   219|
f144  572|

### *In re* MARION.

CRIMINAL LAW — SENTENCE AND PUNISHMENT — INDETERMINATE SENTENCE LAW.

> A sentence pronounced after, for a crime committed before, the indeterminate sentence law (Act No. 136, Pub. Acts 1903) took effect is to be considered as though that law had never been enacted, and so considered is not invalid because for the maximum and minimum of five years, the maximum sentence provided for the particular crime, nor does it deprive the prisoner of the benefit of the previously existing statutes respecting "good time" in prison.

Habeas corpus proceedings by Charles Marion to obtain his release from the State prison at Jackson. Submitted May 2, 1905. (Calendar No. 21,100.) Prisoner remanded May 12, 1905.

*Charles Marion*, in pro. per.

*John E. Bird*, Attorney General (*George S. Law*, of counsel), for respondent warden.

PER CURIAM. Respondent was convicted in the circuit court for the county of Wayne of the crime of receiving stolen property exceeding in value $25 upon an information charging the crime to have been committed February 24, 1903. The statute (3 Comp. Laws, § 11556) prescribes that one convicted of this offense shall be punished by imprisonment in the State prison not more than five years or by fine not exceeding $500 and imprisonment in the county jail not more than one year. On March 12, 1904, respondent was sentenced to be confined "in the State prison at Jackson, Mich., at hard labor for the period of minimum five years maximum five years from and including this day." Petitioner, who is before us on a writ of habeas corpus, insists that the sentence is entirely invalid; that it

was imposed under the provisions of Act No. 136, Pub. Acts 1903, which became operative September 16, 1903, and has no application; that, if held to be a sentence imposed under the governing law, its form deprives him of all rights under Act No. 218 of the Public Acts of 1895, and Act No. 118 of the Public Acts of 1893. The case is to be considered as though the indeterminate sentence law had never been enacted. *In re Lambrecht*, 137 Mich. 450. So considered, we are of opinion that this was a valid sentence, imposed under section 11556, 3 Comp. Laws, and does not deprive respondent of the benefits flowing from the statutes referred to.

It will be so certified to the warden of the State prison at Jackson.