## PEOPLE v. FISHER.

1. CRIMINAL LAW—INDETERMINATE SENTENCE—STATUTE—APPLI-
CATION.

Respondent having been convicted on December 13, 1904, of
forging a deed on January 13, 1903, a sentence under the in-
determinate sentence law of 1903, which took effect Septem-
ber 16, 1903, to imprisonment "not less than eight nor more
than ten years," is valid for the minimum period.

2. SAME — RECORD — JURISDICTIONAL FACTS — ARRAIGNMENT AND
PLEA.

A record which states that respondent was arraigned, and, the
information having been read to him, he stood mute, where-
upon a plea of not guilty was entered by order of the court,
sufficiently shows arraignment and plea, though there is no
statement that he was requested to plead.

3. SAME—PRESENCE OF RESPONDENT AT TRIAL.

A record affirmatively showing the respondent's presence on the
first day, and when the jury was impaneled and sworn, and
when the judgment was rendered, is sufficient to sustain a
judgment of conviction.

4. SAME—ERROR—ASSIGNMENTS—SUPPORT IN RECORD.

An assignment of error that the court erred in sentencing B.
after his plea of nonidentity without issue having been joined
by the prosecuting attorney cannot be considered, where the
record on error does not disclose any plea of nonidentity, nor
that any person by the name of B. was in any way connected
with the proceeding.

5. SAME.

An assignment of error, finding no support in the record, cannot
be considered.

6. SAME—WITNESSES—OBJECTIONS—RECORD.

An assignment of error in permitting the names of certain wit-
nesses to be indorsed on the information, and permitting
them to be sworn, cannot be considered in the absence of any
showing in the record that they gave any testimony, since
it cannot be presumed that, after objection, they testified or
their testimony was material and unfavorable to respondent.

Error to Calhoun; Hopkins, J. Submitted May 3, 1906. (Docket No. 152.) Decided July 3, 1906.

Joseph Fisher was convicted of forgery and sentenced to imprisonment in the branch of the State prison at Marquette for not less than eight nor more than ten years. Affirmed as to minimum sentence.

*Jesse M. Hatch* and *Edward J. Dennison,* for appellant.

*John E. Bird,* Attorney General, and *Joseph L. Hooper,* Prosecuting Attorney, for the people.

BLAIR, J. The respondent ·was convicted, December 13, 1904, of forging a deed on January 13, 1903, and was thereupon sentenced, under the indeterminate sentence law of 1903, "for a period of not less than eight nor more than ten years." Respondent has removed the record to this court for review upon writ of error, assigning the following errors, viz. :

"*First.* That said circuit judge erred in sentencing the said Joseph Fisher under the provisions of Act No. 136 of the Public Acts of the State of Michigan of the year 1903, for a crime alleged to have been committed on January 13, 1903.

"*Second.* The said circuit judge erred in pronouncing any sentence in said cause for the reason that the record fails to show that Joseph Fisher was arraigned and requested to plead to any information filed in said cause, because the record fails to show that Joseph Fisher was present during the trial and at the time the jury rendered the verdict.

"*Third.* The court erred in pronouncing sentence in said cause, for the reason that on the 6th, 7th, 8th, 9th, 12th, and 13th days of December, 1904, the record fails to show that any person was tried in the circuit court for the county of Calhoun.

"*Fourth.* The circuit court erred in sentencing John M. Beckman after his plea of nonidentity without issue having been joined by the prosecuting attorney.

"*Fifth.* The court erred in sentencing John M. Beckman for a crime committed by Joseph Fisher.

"*Sixth.* The court erred in permitting the indorsement of the names of George Brunner, Rose Brunner, and Belle M. Coleman on the information filed in said cause, against the objection and exception of respondent and his attorneys, and permitting them to be sworn."

*First.* This assignment is disposed of by our previous decisions. The sentence was valid for the minimum period thereof. *In re Lambrecht,* 137 Mich. 450; *In re Marion,* 140 Mich. 219.

*Second* and *Third.* The record shows the following entry on November 21, 1904:

"The People of the
   State of Michigan
            v.
"Joseph Fisher.

"Joseph Fisher, the respondent in this cause, having been arraigned at the bar in open court, and the information having been read to him by Craig C. Miller, assistant prosecuting attorney, stood mute, whereupon a plea of not guilty was entered by order of the court.
                    "JOEL C. HOPKINS,
                            "Circuit Judge."

Also the following on December 5, 1904:

"The People of the
   State of Michigan
            v.
"Joseph Fisher.

"Joseph Fisher, the respondent in this cause, being present in court and trial ordered. Thereupon a jury was called and examined in part.
                    "JOEL C. HOPKINS,
                            "Circuit Judge."

And, upon December 6th, the following:

"The People of the
   State of Michigan
            v.
"Joseph Fisher.

"In this cause the jury heretofore called were more fully examined, and as accepted were as follows, to wit: Andrew Harrigan, Nelson Palmiter, Dwight Peters, Clar-

ence Castle, John Finley, Charles Bull, John F. Hartung, Wm. E. Ansterburg, William Henson, Frederick May, Will H. Ives, and Warren Archer, who were duly impaneled, tried and sworn, well and truly to try, and true deliverance made between the people of this State and the prisoner at the bar whom they should have in charge, according to the evidence and the laws of this State, sat together and heard the proofs and allegations of the parties in part."

The record shows the acceptance, impaneling, and swearing of the jury upon December 6th in the presence of "the prisoner at the bar" and the progress of the trial from day to day thereafter to the 13th of December, but does not affirmatively allege the presence of the respondent. On the 13th of December, the following entry appears:

"The People of the
State of Michigan
     v.
"Joseph Fisher.

"Joseph Fisher, the respondent in this cause, having been, by the verdict of the jury, duly convicted of the crime of forgery, as appears by the record thereof, and having been, upon motion of Joseph L. Hooper, prosecuting attorney, brought to the bar for sentence, and having been there asked if he had anything to say why judgment should not be pronounced against him, and alleging no good reason to the contrary, therefore, be it ordered and adjudged by the court now here that the said Joseph Fisher be and remain confined in the branch State prison, at Marquette, for a period of not less than eight years nor more than ten years from and including this day.
               "JOEL C. HOPKINS,
                    "Circuit Judge."

This record clearly shows the arraignment of the respondent, and that the information was read to him. The recital that he stood mute clearly imports that he was requested to plead and declined to do so, "whereupon a plea of not guilty was entered by the court." There was no showing of this kind in *Grigg* v. *People*, 31 Mich. 471. The record also affirmatively shows the respondent's

presence on the first day, and when the jury was impaneled and sworn, and when the judgment was rendered, and is sufficient to sustain the judgment. *Grimm* v. *People*, 14 Mich. 300; *People* v. *Ormsby*, 48 Mich. 494.

*Fourth.* The record does not disclose that any person by the name of John M. Beckman was in any way connected with the proceedings, nor does it show any plea of nonidentity.

*Fifth.* There is no foundation in the record for this assignment.

*Sixth.* There is no testimony set forth in the bill of exceptions, and nothing therein or in the record, to show that the witnesses referred to gave any testimony whatever. The bill of exceptions merely shows that their names were indorsed on the information against respondent's objection, and that:

"Said witnesses, Belle M. Coleman, George and Rosa Brunner, were sworn as witnesses for the people in said cause, and, when sworn, the objection above made was renewed."

We cannot presume that, after the objection, the witnesses testified or that their testimony was material and unfavorable to respondent. In the state of the record, we cannot consider this assignment.

The judgment is affirmed for the minimum term of eight years.

McALVAY, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.