*In re* FORSCUTT.

1. CRIMINAL LAW—INDETERMINATE SENTENCE—BURGLARY—STATUTES—TERM OF IMPRISONMENT.

> One convicted of statutory burglary committed after Act No. 136, Pub. Acts 1903, went into effect, providing for an indeterminate sentence and before the passage of Act No. 184, Pub. Acts 1905, but convicted after the latter act went into effect, is subject to sentence not exceeding 15 years as provided by the general law which was not repealed by either statute. 3 Comp. Laws, §§ 11546, 11547.

2. SAME—SENTENCE—REPEAL OF STATUTES.

> Since the previous statute (Act No. 136, Pub. Acts 1903), is wholly repealed by the later act, and no provision is made for the punishment of persons convicted of crimes committed during the intervening period, no authority for imposing an indeterminate sentence on one so convicted was given by the legislature.

3. SAME—JUDGMENT—HABEAS CORPUS—APPEAL AND ERROR.
    As an order or judgment commanding the restraint of a person
        may in most cases be corrected, if it is irregular, habeas cor-
        pus will not lie to perform the office of the writ of error.

4. SAME.
    While the general purposes of both acts are the same, there
        are numerous provisions in Act No. 184, Pub. Acts 1905, not
        found in the prior statute, which may not therefore be
        treated as re-enacted by the law of 1905.

5. SAME.
    A prisoner having served his minimum sentence as imposed by
        the court for a crime committed before the enactment of the
        indeterminate sentence law of 1905, is entitled to his release.

Petition for habeas corpus by William Forscutt to obtain
his release from confinement in the State prison under an
indeterminate sentence.    Submitted October 4, 1911.
(Calendar No. 24,778.)   Petitioner discharged November
3, 1911.

*Frank A. Lyon*, for petitioner.

*George S. Law*, Assistant Attorney General, for the
people.

OSTRANDER, C. J.   Upon the 15th day of September,
1905, in the circuit court for the county of Hillsdale, peti-
tioner was convicted of the crime of burglary, alleged to
have been committed December 23, 1904.   It is assumed
that it was determined by the verdict that he had com-
mitted an act defined in 3 Comp. Laws, in either section
11546 or in section 11547, as a crime; the penalty pre-
scribed in either section being imprisonment in the State
prison not more than 15 years.   He was sentenced to be
confined "in the State prison at Jackson for the minimum
period of seven years and six months and a maximum
period of fifteen years from and including this day.   The
court recommends a maximum sentence of ten years.

Petitioner has since been, and is now, in the custody of
the warden of the State prison at Jackson, Mich.   The

warden of the prison returns that the conduct of the petitioner at the prison has been such that he is entitled to all good time allowed by law and the rules of the prison, and that if his good time should be deducted from the minimum term of his sentence such minimum term has expired.

At the time of the commission of the alleged offense, Act No. 136, Pub. Acts 1903, in effect after September 16, 1903, was in force, and said act repealed all acts and parts of acts in conflict with its provisions. The last mentioned act was followed by Act No. 184, Pub. Acts 1905, approved June 7, 1905, taking immediate effect and in force at the time of the conviction and sentence. These acts provide, among other things, for indeterminate sentences. It is contended that no indeterminate sentence could lawfully have been imposed upon petitioner. It is a further contention that the sentence imposed can be held valid only for the minimum period therein stated.

It will be assumed that the legislature did not intend to relieve from punishment, or from indeterminate sentence, persons who, during the period from September 16, 1903, to June 7, 1905, committed offenses, punishable when committed, for which they were not, during the same period, convicted and sentenced.

The title and first section of the acts of 1903 and 1905 read, respectively, as follows:

"An act to provide for the indeterminate sentence, and for the disposition, management and release of criminals under such sentence, and for the expense attending the same.

"The people of the State of Michigan enact:

"SECTION 1. Every sentence to the State prison at Jackson, to the Michigan reformatory at Ionia, to the State house of correction and branch of the State prison in the Upper Peninsula, and to the Detroit house of correction, of any person hereafter convicted of a crime, except of a person sentenced for life, or a child under fifteen years of age, shall be an indeterminate sentence as hereinafter provided. The term of imprisonment of any person so convicted and sentenced shall not exceed the maximum term

provided by law for the crime for which the prisoner was convicted and sentenced, and no prisoner shall be discharged until after he shall have served at least the minimum term as provided by law for the crime for which he was convicted: *Provided*, that in all cases where the maximum sentence, in the discretion of the court, may be for life or any number of years, the court imposing sentence shall fix the maximum sentence: *Provided, further*, that in all cases where no minimum sentence is fixed by law, the court imposing sentence shall fix such minimum, which minimum shall not be less than six months."

"An act to provide for the indeterminate sentence as a punishment for crime, upon the conviction thereof, and for the detention and release of persons in prison or detained on such sentence, and for the expense attending the same.

"The people of the State of Michigan enact:

"SECTION 1. That when any person shall hereafter be convicted of crime committed after this act takes effect, the punishment for which prescribed by law, may be imprisonment in the State prison at Jackson, the Michigan reformatory at Ionia, the State house of correction and branch of the State prison in the Upper Peninsula, or the Detroit house of correction, the court imposing sentence, shall not fix a definite term of imprisonment, but shall fix a minimum term of imprisonment which shall not be less than six months in any case. The maximum penalty provided by law shall be the maximum sentence in all cases except as herein provided and shall be stated by the judge in passing sentence. The judge shall at the time of pronouncing such sentence recommend and state therein what, in his judgment, would be a proper maximum penalty in the case at bar not exceeding the maximum penalty provided by law. He shall before or at the time of passing such sentence ascertain by examination of such convict on oath, or otherwise, and in addition to such oath, by such other evidence as can be obtained tending to indicate briefly the causes of the criminal character or conduct of such convict, which facts, and such other facts as shall appear to be pertinent in the case, he shall cause to be entered upon the minutes of the court."

It thus appears that the provisions of these statutes are made applicable to persons *convicted of crime*. Neither act contains definitions of crimes, and in neither is the

penalty for any crime either fixed or recited. On the contrary, we are referred, in both acts, to existing definitions and to penalties already fixed.

It was held in *Re Lambrecht*, 137 Mich. 450 (100 N. W. 606) (see, also, *In re Marion*, 140 Mich. 219 [103 N. W. 512]; *People* v. *Fisher*, 144 Mich. 570 [108 N. W. 280]; *People* v. *Vitali*, 156 Mich. 370 [120 N. W. 1003]), that the general law was not repealed by the act of 1903. It is equally manifest that the sections of the general law above referred to were not repealed by the act of 1905. It follows that the act committed by petitioner was, when committed, and is, a crime, which may be punished by imprisonment for a period not exceeding 15 years.

The restraint of one convicted of crime is permitted only when there is an order, warrant, or judgment of a court or magistrate commanding it. And, if such order, warrant, or judgment is irregular merely, it may be in most cases corrected. To secure such a correction, the writ of habeas corpus will not be permitted to perform the office of a writ of error. *In re Esther Coffeen*, 38 Mich. 311; *In re Underwood*, 30 Mich. 502; *In re Ellen Bushey*, 105 Mich. 64 (62 N. W. 1036); *In re Lewis*, 124 Mich. 199 (82 N. W. 816); *In re Butler*, 138 Mich. 453 (101 N. W. 630); *In re Maguire*, 114 Mich. 80 (72 N. W. 15); *In re Satt*, 164 Mich. 472 (129 N. W. 863). In this case, petitioner, by his conduct, has treated the judgment of the court as valid to the extent that the punishment imposed is certain. He contends only that, so far as it is valid, he has paid the penalty. If petitioner had been tried and sentenced while the act of 1903 was in force, an indeterminate sentence, pursuant to the provisions of that act, would have been a lawful sentence. But this act was repealed by the act of 1905. Not only does the later act in terms repeal the earlier one, but the provisions of section 1, above quoted, as well as the provision found in section 14, forbid the conclusion that the act of 1903 is repealed, in so far only as the provisions of the two are not in harmony. Section 14 reads:

"The provisions of this act, in so far as they pertain to the paroling of prisoners, shall apply to all convicts now serving sentence in any of said penal institutions whose offenses come under the provisions of this act."

The general purpose of these statutes is the same, but there are many provisions in the later law which are not found in the one repealed. We refer to a single one. Under both, the maximum period of imprisonment fixed by law must be observed, and under both the court is required to fix a minimum period of imprisonment, where the law does not fix one. Under the law of 1903, the court might in such cases fix any minimum, not less than six months. Under the law of 1905, it cannot fix a minimum exceeding one-half the lawful maximum. The considerations stated require us to hold, also, that the act of 1905 is not a re-enactment of the act of 1903.

Petitioner should not have been sentenced under the provisions of the act of 1905, because his case is expressly excluded by the terms of the act. There was therefore no lawful authority for imposing upon petitioner an indeterminate sentence. The sentence imposed cannot be treated as a certain, determinate sentence for any period beyond the minimum period fixed therein; and, as it appears that petitioner, with proper allowances for good time, has served the minimum period, there is no lawful warrant for his further detention.

It will be certified to the warden of the State prison at Jackson that petitioner is entitled to an immediate discharge.

BIRD, STEERE, MOORE, MCALVAY, BROOKE, BLAIR, and STONE, JJ., concurred.