1. CRIMINAL LAW—DEFECTIVE SENTENCE.
    Sentence of defendant, convicted of embezzlement, *held,* defective in that no minimum term was fixed (CL 1948, § 769.8).

2. SAME—EMBEZZLEMENT—DEFECTIVE SENTENCE—NUNC PRO TUNC CORRECTION.
    Defendant in prosecution for embezzlement was subject to discharge from custody under sentence imposed, where the sentence was defective, but subject to serve such sentence as may be lawfully imposed *nunc pro tunc* by the trial court (CL 1948, § 769.8).

3. SAME—FORMER JEOPARDY—DISMISSAL AFTER DISAGREEMENT OF JURY.
    A dismissal of a former prosecution on the charge of larceny by conversion following disagreement of the jury does not constitute an acquittal either on the facts or the merits so as to constitute a former jeopardy interposable as a defense in a subsequent prosecution for embezzlement (Const 1908, art 2, § 14; CL 1948, § 763.5).

Habeas corpus by Arthur Weir directed to warden of State prison of southern Michigan, with accompanying certiorari to Superior Court of Grand Rapids, to obtain release. Submitted November 29, 1954. (Calendar No. 46,253.) Plaintiff discharged from custody March 9, 1955, subject to resentence.

*Arthur J. Weir, in propria persona.* .

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara,* Assistant Attorney General, for defendant.

REID, J. Petitioner Arthur Weir (also referred to as Arthur J. Weir and hereinafter referred to as

REFERENCES FOR POINTS IN HEADNOTES
[1] 15 Am Jur, Criminal Law § 443.
[2] 15 Am Jur, Criminal Law § 478.
[3] 15 Am Jur, Criminal Law § 422.

plaintiff) filed a petition for writ of habeas corpus, reciting that he was confined in the State prison of southern Michigan at Jackson, Michigan, by virtue of an illegal conviction, upon a charge of embezzlement.

In his petition said Arthur Weir claimed that he was extradited from the State of California on a warrant charging larceny by conversion; was tried by a jury and the jury could not agree, on which account that case was dismissed. Plaintiff then by complaint on charge of embezzlement was convicted by jury and sentenced, and complains of the sentence as illegal and not in compliance with the statute. Plaintiff further claims that he had been tried for the same offense, namely, as larceny by conversion but in substance that the charge on which the jury disagreed, was for the same offense for which he was afterwards convicted. Plaintiff claims the benefit of the constitutional inhibitions concerning former jeopardy as well as claiming that his sentence imposed was not in conformity to the statute concerning indeterminate sentences.

The sentence under which he is now being confined in State prison is as follows:

"STATE OF MICHIGAN
          "THE SUPERIOR COURT OF GRAND RAPIDS
"At a general term of the Superior Court of Grand Rapids, continued and held at the courtroom, in the City of Grand Rapids, County of Kent, on the 18th day of May, A.D., 1953.
          "Present, HONORABLE THADDEUS B. TAYLOR
"JUDGE OF THE SUPERIOR COURT OF GRAND RAPIDS.
"The court here opened for business in due form.
"THE PEOPLE OF THE STATE OF MICHIGAN
                    vs
          "ARTHUR J. WEIR
"In this cause, an information having been duly filed, charging the said respondent with the crime of

"Embezzlement * * *

"And said respondent Arthur J. Weir, being on motion of the prosecuting attorney of the county, arraigned at the bar in open court for sentence, and having there been asked by the court whether he had anything to say why judgment should not be pronounced against him, and answering briefly;

"Therefore It Is Ordered And Adjudged by the court now here that said Arthur J. Weir pay damages of $11,000 and costs of $1,000 and in default of same to be confined at hard labor in the State Prison of Southern Michigan in this State, until the same is paid for the period of not to exceed 10 years, from and including this day.

"Thaddeus B. Taylor,
"Judge Of The Superior Court Of
Grand Rapids"

The assistant attorney general concedes that the sentence imposed is erroneous, and quotes in part from the statute as follows:

"The court imposing sentence shall not fix a definite term of imprisonment, but shall fix a minimum term except as hereinafter provided. The maximum penalty provided by law shall be the maximum sentence in all cases except as herein provided and shall be stated by the judge in passing sentence." CL 1948, § 769.8 (Stat Ann 1954 Rev § 28.1080).

We determine that the sentence imposed was not proper under the statute and did not fix a minimum term. We further determine that plaintiff Arthur Weir should be discharged from custody under the sentence imposed. He is subject, however, to requirement by the superior court of Grand Rapids to serve such sentence as said superior court of the city of Grand Rapids shall hereafter impose *nunc pro tunc*. The sentence imposed was within the authority of the court but was defective. The defect can be corrected by the court *nunc pro tunc*. See *In re Allison,* 322 Mich 491 (syllabus 3).

As to the former jeopardy, the result of the former trial must, under the Michigan Constitution, 1908 (art 2, § 14), be on the merits; under the statute (CL 1948, § 763.5 [Stat Ann 1954 Rev § 28.858]), on the facts and merits.

The dismissal of the former prosecution on the charge of larceny by conversion following disagreement of the jury is not to be considered as an acquittal either on the facts or on the merits. Plaintiff's claim of former jeopardy is overruled. See *People* v. *Harding,* 53 Mich 481; *People* v. *Pline,* 61 Mich 247; *People* v. *Sharp,* 163 Mich 79.

Plaintiff is discharged from custody of the State prison but remanded to the custody of the sheriff to await resentence.

C<small>ARR</small>, C. J., and B<small>UTZEL</small>, S<small>HARPE</small>, B<small>OYLES</small>, D<small>ETHMERS</small>, and K<small>ELLY</small>, JJ., concurred.

S<small>MITH</small>, J., took no part in the decision of this case.