*In re* EVANS.

1. ESCAPE—CONSTRUCTION OF STATUTES—FURTHER IMPRISONMENT—SENTENCE.

> The section of the penal code creating and defining the felony of escape from prison in providing that the prisoner "shall after his return to such prison, be imprisoned for as long a time as remained unexpired of his former sentence, at the time of such breaking, escape or attempt to break or escape, besides such further term of imprisonment as aforesaid" (not more than 3 years) contemplated "further," not the same imprisonment for escaping prison, hence, sentence for escape to run consecutively to sentence previously imposed was proper, thereby deterring escapes from prison (CL 1948, § 750.193).

2. PRISONS—GOOD TIME—DELAY IN FORFEITURE.

> Warden's delay of approximately 6 months after prisoner's conviction for escape from prison before forfeiting his previously earned good time deprived the prisoner of no substantial right, since the warden was empowered by statute to take away earned good time for "any serious act of insubordination," including escape from prison (CL 1948, § 750.193; CLS 1956, § 800.33).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  19 Am Jur, Escape, Prison Breaking, and Rescue §§ 22, 30.

Habeas corpus by Virgil Evans with accompanying certiorari to test legality of sentence to additional incarceration because of escape. Submitted February 25, 1958. (Calendar No. 47,657.) Writ dismissed April 14, 1958. Rehearing denied June 11, 1958.

*John J. Gallagher,* for petitioner.

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, *Perry A. Maynard* and *Daniel J. O'Hara,* Assistants Attorney General, for the people.

VOELKER, J. Petitioner seeks to test the legality of his sentence following conviction for breaking prison. His sentence for this offense was ordered to run consecutively. Petitioner complains among other things that the sentencing judge had no right to order that his sentence be served consecutively, under the "escape" statute as it stood at the time of his escape. He urges that his sentence should instead run concurrently.

CL 1948, § 750.193 (Stat Ann 1953 Cum Supp § 28.390) in effect at both the time of the escape and sentence of petitioner provided as follows:

"Any person, being imprisoned in any prison of this State for any term, who shall break prison and escape, or break prison though no escape be actually made, or shall escape, or shall leave said prison without being discharged from said prison by due process of law, or shall attempt to break prison or escape therefrom, shall be guilty of a felony, punishable by *further* imprisonment for not more than 3 years, and every prisoner who shall actually break prison or escape or attempt to break prison, or attempt to escape as aforesaid, shall after his return to such prison, be imprisoned for as long a time as remained unexpired of his former sentence, at the time of

such breaking, escape or attempt to break or escape, *besides such further term of imprisonment as aforesaid.* Such prisoner who shall break prison or escape or attempt to break prison or attempt to escape as aforesaid, shall be charged with said offense and tried in the courts of the county wherein the administrative offices of the prison may be, to which said prisoner was committed or transferred, at the time of the breaking, escape, or attempt to break or escape. The word 'prison' as used in this section shall include any Michigan State prison, penitentiary, reformatory, State house of correction, the grounds, farms, shops, road camps or places of employment operated by such institution or under control of the officers thereof, or of any police officers of this State: Provided, That escaping from the lawful custody of any guard or prison official or employee while outside the confines of such prison shall be deemed to be a violation of this section." (Emphasis added.)

This case must be controlled by our recent decision in *People* v. *Shotwell,* 352 Mich 42 (handed down after this case arose), where a unanimous court held that the very same statute permitted the imposition of a consecutive sentence. We there said (pp 46, 47):

"We think it is also evident from the applicable language of the escape statute itself that the legislature contemplated 'further' imprisonment for escaping prison. It said so. We also think it fairly obvious that the legislature thereby sought to provide some sort of deterrent to prison escapes. A contrary view would defeat this objective since many prisoners could thus escape with both impunity and immunity, since their original sentences might easily devour any interim concurrent escape sentence. In fact the view urged by defendant would tend to put a premium upon the act of escape: If a prisoner made it, all would be well; if he should be caught, no further time would be drawn. We do not think the legislature ever wanted to reach any such result.

At least we hesitate to reach such a result by inference."

Petitioner also argues that a subsequent deprivation by the warden of previous good time earned by him was unauthorized because of the passage of too much time. He was sentenced for his escape on September 24, 1954; it appears that his earned good time was not forfeited until the following March. The statute (CLS 1956, § 800.33 [Stat Ann 1954 Rev § 28.1403]) specifically empowers the warden to take away earned good time for "any serious act of insubordination," including escaping prison. It does not provide when this shall or may be done. Petitioner was deprived of no substantial right by the lapse of time in the forfeiting of his good time. Indeed some delay in these circumstances might permit maturer appraisal and deliberation by the prison authorities and perhaps avoid any later claim of vindictive or arbitrary action. We do not think the delay here, if such there was, was unreasonable.

The relief sought by this petitioner must accordingly be denied and his writ dismissed.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and KAVANAGH, JJ., concurred.