PEOPLE *v.* JORDAN

CRIMINAL LAW—PLEA OF GUILTY—ENUMERATION OF RIGHTS—
COURT'S DUTY.
   A trial court, when accepting a plea of guilty, is not required
   to enumerate specifically the three Federal constitutional
   rights, right to trial by jury, right to confront one's ac-
   cusers, and privilege against self-incrimination, that a de-
   fendant waives by his plea.

Appeal from Recorder's Court of Detroit, Thomas
L. Poindexter, J.  Submitted Division 1 November
12, 1970, at Detroit.  (Docket No. 7283.)  Decided
April 26, 1971.  Leave to appeal applied for.

Wallace T. Jordan was convicted, on his plea of
guilty, of manslaughter.  Defendant appeals.
Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Arthur N. Bishop,*
Assistant Prosecuting Attorney, for the people.

*Gerald S. Surowiec,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and LEVIN and
PETERSON,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 484 *et seq.*

Per Curiam. Defendant was charged with first-degree murder[1] in the fatal shooting of Kenneth Demarest on July 29, 1968. Defendant was allowed to plead guilty to the lesser included offense of manslaughter.[2] The court accepted the plea and sentenced defendant to serve 14 years and 11 months to 15 years in prison. From the conviction and sentence defendant brings this appeal.

None of defendant's three assignments of error requires reversal.

Defendant bases two of his allegations of error on the failure of the trial court to inform him of the consequences of his plea as required by GCR 1963, 785.3(2). Specifically, defendant complains that the trial court: (1) failed to specifically enumerate the three constitutional rights[3] which he waives by pleading guilty and (2) failed to inform him that he could be sent to prison. Defendant's reliance on *Boykin* v. *Alabama* (1969), 395 US 238 (89 S Ct 1709, 23 L Ed 2d 274), in this connection is misplaced. *Boykin* has been held not to oblige the court to enumerate the three Federal constitutional rights waived by a guilty plea. *People* v. *Jaworski* (1970), 25 Mich App 540.

As to defendant's second contention, a fair reading of the transcript indicates that the trial court did inform the defendant that he might be sent to prison.

Defendant had a long criminal record prior to this offense. In fact, he was serving a five-year term in Federal prison at the time of sentencing. Also, counsel was provided for him at his request. We are convinced that the defendant knowingly, freely, and voluntarily tendered his plea.

---

[1] MCLA § 750.316 (Stat Ann 1954 Rev § 28.548).
[2] MCLA § 750.321 (Stat Ann 1954 Rev § 28.553).
[3] Privilege against self-incrimination, right to trial by jury, and right to confront his accusers.

Finally, defendant alleges that a minimum sentence of 14 years and 11 months, when the statutory maximum is 15 years, is not an indeterminate sentence as required by MCLA § 769.8 (Stat Ann 1954 Rev § 28.1080). An appellate court will not ordinarily review claims that the trial court abused its discretion where the sentence imposed falls within the statutory limits. *People* v. *Girard* (1969), 18 Mich App 593; *People* v. *Pate* (1965), 2 Mich App 66; *People* v. *Guillett* (1955), 342 Mich 1; *People* v. *Wright* (1968), 19 Mich App 242. Suffice it to say that the sentence in this case is within the statutory maximum.

Affirmed.

Judge LEVIN concurs in the affirmance of the conviction but would remand for resentencing for the reasons set forth in his dissenting opinion in *People* v. *Haggitt* (1971), 33 Mich App 95, *post*.