PEOPLE *v.* BINIECKI

1. ESCAPE—SENTENCE—INDETERMINATE SENTENCE.

The indeterminate sentence act does not apply to the offense
of prison escape; the indeterminate sentence act applies when
a person is committed to prison for the *first* time (MCLA
§§ 769.8, 769.28).

2. ESCAPE—SENTENCE—INDETERMINATE SENTENCE.

Defendant was entitled to have his original prison escape sen-
tence of one year reinstated where, over his objection, the trial
court, upon advice of the corrections commission, had changed
the sentence to provide for a minimum-maximum term of
one to five years, because the indeterminate sentence act does
not apply to the crime of prison escape (MCLA §§ 769.8,
769.28).

Appeal from Washtenaw, Ross W. Campbell, J.
Submitted Division 2 December 9, 1970, at Lansing.
(Docket No. 9032.) Decided July 28, 1971. Leave
to appeal denied, 387 Mich 764.

Alvin T. Biniecki was convicted, on his plea of
guilty, of escape from prison, and his original sen-
tence was revised. Defendant appeals. Reversed
and remanded for reinstatement of original sentence.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William F. Delhey,*
Prosecuting Attorney, and *Jerome D. Farmer, II,*
Assistant Prosecuting Attorney, for the people.

*Keusch & Flintoft,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 540, 592, 614.
27 Am Jur 2d, Escape, Prison Breaking, and Rescue § 20.

Before: McGregor, P. J., and T. M. Burns and Andrews,* JJ.

Per Curiam. Defendant, while serving a prison sentence at Cassidy Lake, took French leave. Upon his plea of guilty to the charge of escape,[1] he was given a sentence of one year. Soon after his return to prison the corrections commission informed the trial judge that the sentence was invalid under MCLA § 769.28 (Stat Ann 1971 Cum Supp § 28.1097 [1]). Thereupon the defendant was returned to the trial court and, over objection, the sentence was changed to provide for a minimum term of one year and a maximum term of five years.

The defendant claims that the one-year sentence first imposed is valid and cannot be changed citing: *People* v. *Parson* (1956), 345 Mich 727; *Elliot* v. *Department of Corrections* (1955), 343 Mich 681; *People* v. *Chivas* (1948), 322 Mich 384; *In re Richards* (1907), 150 Mich 421. We agree.

Contrary to the contention of the people and the apparent position of the corrections commission, the indeterminate sentence act[2] does not apply to the offense of escape from prison, *In re Wilson* (1940), 295 Mich 179, as is apparent from the language of the two statutes. The escape from prison act provides for *"further imprisonment* for not more than five years * * * to be served after the termination * * * of any sentence * * * then being served"*. (Emphasis supplied.) The indeterminate act provides, "When any person shall hereafter be committed *for the first time* * * * the court * * * shall not fix a definite term of imprisonment, but shall fix a minimum term * * * "*. (Emphasis supplied.) The escape from prison act

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] MCLA § 750.193 (Stat Ann 1971 Cum Supp § 28.390).
[2] MCLA § 769.8 (Stat Ann 1954 Rev § 28.1080).

clearly requires a consecutive sentence which can be for a period of not more than five years.

MCLA § 769.28 (Stat Ann 1971 Cum Supp § 28-.1097[1]) has no application here. It applies by its very terms to offenses which carry a maximum penalty of one year or less.

Remanded for reinstatement of original sentence.