PEOPLE v BOWNS

1. ESCAPE—FORFEITURE OF GOOD TIME—DOUBLE JEOPARDY.
    An order of forfeiture of a defendant's accumulated good time
    entered by the Department of Corrections because of the de-
    fendant's conviction of escaping from prison does not amount
    to double jeopardy.

2. ESCAPE—SENTENCES—INDETERMINATE SENTENCE.
    The sentence imposed for a conviction of the crime of escaping
    from prison is not required to be either definite or indeter-
    minate, but rather it can be definite or indeterminate, as the
    trial court deems appropriate (MCLA 750.193, 769.8).

Appeal from Jackson, Gordon W. Britten, J.
Submitted Division 2 February 2, 1972, at Lansing.
(Docket No. 11744.)   Decided March 24, 1972.

Charles A. Bowns was convicted, on his plea of
guilty, of escaping from prison.  Defendant appeals.
Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Bruce A. Barton,*
Prosecuting Attorney, *Paula O. Hosick,* Chief Ap-
pellate Attorney, and *Richard A. Cooley, Jr.,* As-
sistant Prosecuting Attorney, for the people.

---

REFERENCES FOR POINTS IN HEADNOTES
[1]  27 Am Jur 2d, Escape, Prison Breaking, and Rescue § 17.
[2]  21 Am Jur 2d, Criminal Law §§ 540, 581, 592, 614.
    Validity, under indeterminate sentence law, of sentence fixing
    identical minimum and maximum terms of imprisonment.  29
    ALR2d 1344.

*Arthur J. Tarnow,* State Appellate Defender, and *Larry R. Farmer,* Assistant Defender, for defendant.

Before: DANHOF, P. J., and T. M. BURNS and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. Defendant pled guilty to escaping from prison MCLA 750.193; MSA 28.390, was sentenced from 1–1/2 to 5 years in prison, and appeals.

Defendant first contends that the February 15, 1971 order of forfeiture of his accumulated good time by the Department of Corrections amounted to double jeopardy, in that said forfeiture was entered because of his prison escape. Such a contention is without merit. *In re Evans,* 352 Mich 185 (1958); *People* v *Wilson,* 6 Mich App 474 (1967); *People* v *Shastal,* 26 Mich App 347 (1970).

Defendant also asserts that he was entitled to be sentenced for a definite term rather than to an indeterminate term; citing *People* v *Biniecki,* 35 Mich App 335 (1971). While the *Biniecki* Court was correct in holding that MCLA 769.8; MSA 28-.1080 does not apply to the offense of escape from prison, it does not follow that an indeterminate sentence cannot be given. The Supreme Court in *In re Wilson,* 295 Mich 179, 184 (1940) held:

"The sentence for escaping from jail *did not have to be* indeterminate as it was a second offense." (Emphasis added.)

The Court's use of the phrase "did not have to be" rather than "could not be" clearly indicates that the sentence does not have to be indeterminate but could be if the trial court wished.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The Attorney General's office, in a formal opinion, determined that the sentence for prison escape could be either definite or indeterminate, as the trial court desired. OAG, 1947–1948, No 689, p 568 (February 4, 1948). In the years since the *Wilson* opinion and the Attorney General's opinion, the Legislature has amended both sections of the indeterminate sentence act and the prison break statute. Since the Legislature has failed to act in the face of opinions, it must be assumed that the Legislature agrees that these opinions express the intent of the Legislature.

Since it was only necessary for the *Biniecki* Court to determine that a definite sentence was proper, to the extent that the *Biniecki* opinion appears to hold that an indeterminate sentence cannot be given upon conviction for escaping from prison, it is *dicta* and should be given no precedential effect.

Affirmed.

All concurred.