PEOPLE *v* NEWSUM

CRIMINAL LAW—TRIAL—DEFENDANT'S PRESENCE.
  Denial of defendant's request that he be allowed to sit at his
  trial in the audience rather than at the counsel table was not
  error; a trial judge has broad discretionary powers to control
  courtroom proceedings.

Appeal from Jackson, John C. Dalton, J. Submitted Division 2 February 3, 1972, at Lansing. (Docket No. 11858.) Decided March 29, 1972.

Theodore C. Newsum was convicted of prison escape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, and *Paula Hosick,* Chief Appellate Attorney, for the people.

*Hugh B. McVicker, Jr.,* for defendant on appeal.

Before: DANHOF, P. J., and T. M. BURNS and VAN VALKENBURG,* JJ.

PER CURIAM. The defendant was convicted of escaping from prison. MCLA 750.193; MSA 28.390.

---

  * Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 311.

He was sentenced to a term from 1–1/2 to 5 years and he now appeals.

Before the trial commenced the defendant requested that he be allowed to sit in the audience rather than at the counsel table. His request was denied and he now contends that this was error. A trial judge has broad discretionary powers to control the proceedings before him. We find no abuse of discretion.

Defendant also questions the propriety of an indeterminate sentence when the offense is escape from prison. This contention lacks merit. *People* v *Bowns,* 39 Mich App 424 (1972).

Affirmed.