PEOPLE v UNGUREAN

1. CRIMINAL LAW—STATUTES—SPEEDY TRIAL—PRISONERS.

   The statute requiring trial of inmates in any state penal institution on any untried warrant, indictment, information or complaint charging a criminal offense within 180 days of notice to the prosecuting attorney applies only to criminal offenses for which a prison sentence might be imposed upon conviction (MCLA 780.131).

2. CRIMINAL LAW—STATUTES—CRIMES—HABITUAL CRIMINAL STATUTES.

   The Michigan habitual criminal statutes providing for the imposition of longer sentences for recidivistic criminal behavior do not create or charge the accused with a separate criminal offense; the statute providing for trial of prisoners on charges of criminal offenses does not apply to trials charging a prisoner with being a habitual criminal (MCLA 769.10 *et seq.;* 780.131).

3. CRIMINAL LAW—STATUTES—SENTENCING—INDETERMINATE SENTENCE—HABITUAL CRIMINALS.

   A sentence of 14 to 15 years for conviction under the habitual criminal statute governing fourth felony convictions was proper and did not violate the indeterminate sentence statute because the indeterminate sentence statute, by the tenor of its own language, is potentially applicable when the accused is convicted for the first time and clearly does not comprehend situations where a defendant's conduct has made him subject to the multiple offender statutes which explicitly assume the existence of antecedent felony convictions other than the current charge (MCLA 769.8; 769.12).

4. CRIMINAL LAW—HABITUAL CRIMINALS—PRIOR CONVICTIONS—EVIDENCE—RECORDS—LENGTH OF SENTENCE—INSTRUCTIONS TO JURY.

   Admission of certified copies of official records from the county

REFERENCES FOR POINTS IN HEADNOTES
[1–5] 21 Am Jur 2d, Criminal Law §§ 249, 250, 254.
[3] 21 Am Jur 2d, Criminal Law §§ 540, 592, 614.
[4, 5] 21 Am Jur 2d, Criminal Law § 585.

clerk's files for the purpose of establishing certain of the defendant's prior convictions in a trial on a charge of being a habitual criminal was not error even though the records admitted showed the length of the sentences on the prior convictions where the judge cautioned the jury, both at the time of admission and during final instructions, that the length of the defendant's prior sentences was not relevant to the question of guilt or innocence in the habitual criminal trial.

5. CRIMINAL LAW—HABITUAL CRIMINALS—PRIOR CONVICTIONS—VALIDITY.

Defendant's bare allegation that records introduced to prove his prior conviction in a prosecution under the habitual criminal act did not indicate whether he was represented by counsel on the occasion of the prior conviction does not raise a suggestion of legal infirmity (MCLA 769.13).

Appeal from Calhoun, Creighton R. Coleman, J. Submitted Division 3 November 8, 1973, at Grand Rapids. (Docket No. 16051.) Decided January 16, 1974.

Florian Ungurean was convicted of being a habitual criminal. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Stanley Everett,* Prosecuting Attorney, for the people.

*Richard T. Greene,* for defendant on appeal.

Before: R. B. BURNS, P. J., and DANHOF and O'HARA,* JJ.

O'HARA, J. Defendant was convicted after a jury trial under the so-called habitual criminal act. MCLA 769.12; MSA 28.1084. He appeals of right.

He asserts first that his conviction as a habitual

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

criminal violated MCLA 780.131; MSA 28.969(1) and MCLA 780.133; MSA 28.969(3):

"Section 1. Whenever the department of corrections shall receive notice that there is pending in this state any untried warrant, indictment, information or complaint setting forth against any inmate of a penal institution of this state a criminal offense for which a prison sentence might be imposed upon conviction, such inmate shall be brought to trial within 180 days after the department of corrections shall cause to be delivered to the prosecuting attorney of the county in which such warrant, indictment, information or complaint is pending written notice of the place of imprisonment of such inmate and a request for final disposition of such warrant, indictment, information or complaint. The request shall be accompanied by a statement setting forth the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner and any decisions of the parole board relating to the prisoner. The written notice and statement provided herein shall be delivered by certified mail.

\* \* \*

"Section 3. In the event that, within the time limitation set forth in section 1 of this act, action is not commenced on the matter for which request for disposition was made, no court of this state shall any longer have jurisdiction thereof, nor shall the untried warrant, indictment, information or complaint be of any further force or effect, and the court shall enter an order dismissing the same with prejudice."

The last felony in point of time which was included in the first habitual criminal information filed was set aside by this Court and the case remanded for a new trial.[1] On his rearraignment he pled guilty to an attempt to commit the same

---

[1] Uttering and publishing a forged negotiable instrument. See *People v Ungurean,* 35 Mich App 143; 192 NW2d 342 (1971).

charged felony. The prosecutor then filed another information substituting the conviction of attempt for the previous conviction of the act itself.

It is not disputed that the first habitual criminal information violated the "180-day rule". The second filed after the reversal of the conviction and his plea to the second information was timely filed. So, says defendant, what the state has done is penalize me for obtaining a reversal of my conviction. This he argues is totally impermissible.

We agree that if defendant's contention that his conviction under the habitual criminal act were subject to the previously quoted "180-day" statute his position would be unassailable.

We hold that statute does not apply to the habitual criminal act for the reasons we will discuss.

The 180-day rule requires that untried charges "setting forth against any inmate of a penal institution of this state a *criminal offense* for which a prison sentence might be imposed upon conviction" (emphasis supplied), be brought to trial within 180 days after the department of corrections has given proper written notice to the prosecuting attorney of the county where the charges impend of the fact of defendant's incarceration and made a request that the charges be processed. Incontestably, the statutory language above quoted clearly contemplates that MCLA 780.131, *supra,* applies only where an inmate of a state correctional facility could face possible additional incarceration if found guilty of a "criminal offense" contained in a pending charge. Just as incontestably it is firmly established in the jurisprudence of this state that under Michigan's habitual criminal provisions the accused is not charged with commission of a separate criminal offense. *People v Hatt,*

384 Mich 302; 181 NW2d 912 (1970); *People v Stratton,* 13 Mich App 350; 164 NW2d 555 (1968); *People v Shotwell,* 352 Mich 42; 88 NW2d 313 (1958). Nowhere are we cited to any authority holding that such proceedings constitute trial on a new or separate criminal charge so as to be even arguably subject to 180-day rule. Thus the only issue at trial relates to whether the defendant is the same person who was duly convicted of the prior felony or felonies alleged in the information. The evident purpose of this act is to permit imposition of longer sentences because of repeated instances of recidivistic behavior as reflected in serious acts of a criminal nature.

Further corroboration of our interpretation may be found in MCLA 769.13; MSA 28.1085 which contains the procedure for charging a defendant under the habitual criminal act and provides in relevant part that:

"If *at any time after conviction* and either before or after sentence it shall appear that a person convicted of a felony has previously been convicted of crimes as set forth in any of the 3 foregoing sections, the prosecuting attorney of the county in which such conviction was had, *in his discretion,* may file a separate or supplemental information in such cause accusing the said person of such previous convictions." (Emphasis supplied.)

When the Legislature speaks so clearly and unequivocally in MCLA 769.13, *supra,* to the effect that an information may be filed in the prosecutor's discretion "at any time after conviction"[2] we can hardly construe this to mean that charges lodged under the recidivist provisions of the Code

---

[2] The Code of Criminal Procedure similarly contains a procedure for informing against a person prior to conviction under the current charge. See the detailed explanation in *People v Stratton,* 13 Mich App 350; 164 NW2d 555 (1968).

of Criminal Procedure are subject to the strictures of the 180-day rule as set forth in MCLA 780.131, *supra.* Hence, we find no merit in this assignment of error. The trial judge acted properly in denying defendant's motion to quash the supplemental information.

The defendant next argues that the trial court violated the intent of the indeterminate sentence statute, MCLA 769.8; MSA 28.1080, as construed in *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972), by sentencing appellant to a term of 14 to 15 years in prison.

The indeterminate sentence act does not apply to habitual criminal convictions. See generally *In re Wilson,* 295 Mich 179; 294 NW 145 (1940); *People v Biniecki,* 35 Mich App 335; 192 NW2d 638 (1971); *People v Bowns,* 39 Mich App 424; 197 NW2d 834 (1972). The language of the fourth conviction statute, MCLA 769.12, *supra,* provides for a maximum of life or 15 years depending on the nature of the crime that is the fourth offense, or *"any lesser term in the discretion of the court".* (Emphasis supplied.) The indeterminate sentence act states as far as relevant to our purposes herein, "[w]hen any person shall hereafter be convicted for the *first time* * * * the court * * * shall not fix a definite term of imprisonment, but shall fix a minimum term * * * ". (Emphasis ours.) MCLA 769.8; MSA 28.1080. According to the tenor of its own language the indeterminate sentence act is only potentially applicable when the accused is "convicted for the first time" and clearly does not comprehend situations where a defendant's conduct has made him subject to the multiple offender statutes which explicitly assume the existence of antecedent felony convictions other than the current charge. Habitual offender statutes such as

MCLA 769.12, *supra,* leave the question of sentence up to the trial court subject to an overriding statutory maximum. Within this broad delegation of authority from the Legislature the sentencing judge may impose any sentence authorized in MCLA 769.8, *supra.*

Appellant also claims that the trial judge committed reversible error when he denied defendant's motion to quash the supplemental information based on the assertion that defendant had been induced to plead guilty by promises which the assistant prosecutor never lived up to.

As noted heretofore, the appellant pled guilty to the crime of attempted uttering and publishing after his previous conviction for uttering and publishing was set aside by this Court. The plea to attempted uttering and publishing was the defendant's fourth offense and was the ground for the filing of the supplemental information. Appellant below sought to quash the supplemental information alleging the involved plea was based on the unfulfilled promise that he would not be informed against as a fourth offender. The trial court after a hearing to determine if there had been an unfulfilled promise denied the motion to quash the information. We cannot say that the finding of the trial court that there had been no promise not to prosecute the defendant as a habitual criminal is clearly erroneous.

In the appellant's trial for being a habitual criminal the people sought to introduce certified copies of official records from the files of the Calhoun County Clerk for the purpose of establishing certain of defendant's prior convictions. The appellant objected to the introduction of these exhibits on the grounds that they showed the length of defendant's sentences on antecedent of-

fenses and were not material to the issues then pending. The trial judge reserved a ruling on the objection until he could inspect the files and determine whether he could find other certificates in defendant's file which did not show prior sentence. He stated that if he could find such certificates, they would be used, if not, the proposed exhibits would have to be used and he would instruct the jury that the sentences were immaterial. When the trial judge later decided to admit these exhibits he rendered an instruction in accordance with his previously stated intention. Once again during the court's final instruction to the jury it charged that the length of sentence given to defendant on prior occasions was not relevant to the question of guilt or innocence in the present trial. The decision to admit the exhibits was proper and necessary based upon the need to establish defendant's prior convictions beyond a reasonable doubt as required by our system of jurisprudence. There was no error in this regard.

The final objection of defendant pertains to a claim that people's proposed exhibit number 1 showing defendant's commitment to prison from Detroit Recorder's Court was incomplete because it did not indicate whether defendant had legal counsel in the various proceedings. Such a bare general allegation raises no suggestion of legal infirmity.

For the reasons herein discussed the conviction is affirmed.

All concurred.