PEOPLE v REDWINE

OPINION OF THE COURT

1. CRIMINAL LAW—SENTENCES—INDETERMINATE SENTENCES—REPEAT OFFENDERS—HABITUAL CRIMINAL—STATUTES.

The indeterminate sentencing statute does apply to a defendant who is a repeat offender where the defendant was not charged or convicted under the habitual criminal act (MCLA 769.8, 769.12; MSA 28.1080, 28.1084).

DISSENT BY D. T. ANDERSON, J.

2. CRIMINAL LAW—SENTENCING—INDETERMINATE SENTENCES—STATUTES—AMENDMENTS—LEGISLATIVE INTENT—FIRST CONVICTIONS.

*The general sentencing statute grants to trial judges the authority to sentence but restricts the penalty so that it will not be greater than the penalty prescribed by law; the general sentencing authority is further limited by the "indeterminate sentence" section of the statute; this is in turn limited to those convicted "for the first time"; the addition of the term "for the first time" to the original statute indicates a legislative intent for this statute to mandate an indeterminate sentence only for a defendant's first conviction (MCLA 769.1, 769.8; MSA 28.1072, 28.1080).*

3. CRIMINAL LAW—SENTENCES—SENTENCING OPTIONS—INDETERMINATE SENTENCES—DETERMINATE SENTENCES—DISCRETION.

*The sentencing options available to a court are (1) an indeterminate sentence (mandatory) for a first offense, (2) a determinate sentence (discretionary), or an indeterminate sentence, for a second or subsequent offense, and (3) upon special application by the prosecutor, a supplemental determinate or indeterminate sentence for a second, third or fourth offense, with increased maximums.*

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 21 Am Jur 2d, Criminal Law §§ 245, 253, 254.

Indeterminate sentence: validity of sentence fixing identical minimum and maximum terms of imprisonment. 29 ALR2d 1344.

Appeal from Genesee, Ollie B. Bivins, Jr., J. Submitted July 6, 1976, at Lansing. (Docket No. 27365.) Decided December 10, 1976. Leave to appeal applied for.

Larry L. Redwine was convicted, on his plea of guilty, of attempted larceny in a building. Defendant appeals. Affirmed with modified sentence.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Gary W. Brasseur,* for defendant.

Before: BASHARA, P. J., and M. F. CAVANAGH and D. T. ANDERSON,* JJ.

M. F. CAVANAGH, J. Defendant pled guilty to attempted larceny in a building, MCLA 750.360; MSA 28.592, and was sentenced to a term of 23 to 24 months in prison. He does not appeal the conviction but only the sentence.

Defendant cites *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972), and claims that the sentence imposed violated the indeterminate sentencing act, MCLA 769.8; MSA 28.1080. The people disagree, arguing that the indeterminate sentencing act does not apply to habitual or multiple criminal offenders and rely on *People v Ungurean,* 51 Mich App 262; 214 NW2d 873 (1974), for the proposition that prior felony convictions preclude the defendant from claiming he is entitled to an indeterminate sentence in this case.

We are persuaded that *Ungurean, supra,* does not control for two reasons. First, here, unlike *Ungurean,* the defendant was not charged or con-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

victed under the habitual criminal act, MCLA 769.12; MSA 28.1084. Secondly, the Supreme Court has applied *Tanner* to cases in which the defendant had committed prior felonies. In the case of *People v Haggitt,* 33 Mich App 95; 189 NW2d 842 (1971), the defendant had received a 14 year 11 month to 15 year sentence. This Court upheld the sentence on the basis of the "trial court's discretion", which could take into consideration the defendant's prior record. *People v Jordan,* 33 Mich App 15; 189 NW2d 851 (1971), involved another prior felony offender who had received the same sentence as Haggitt. Judge LEVIN dissented in both *Haggitt* and *Jordan* on the grounds later adopted by the Supreme Court in *Tanner.* No one discussed the "first conviction" language in the sentencing statute, although Judge LEVIN argued that since the defendants had not been charged under the habitual criminal act, the sentence could not be upheld by reference to those sections. The Supreme Court reversed both *Jordan* and *Haggitt,* and remanded for sentencing in accord with *Tanner.* 388 Mich 773; 200 NW2d 321 (1972). The issue of prior convictions was never discussed.

Accordingly, defendant's minimum sentence is modified to 16 months pursuant to GCR 1963, 820.1(7). See *People v Duffy,* 67 Mich App 266; 240 NW2d 771 (1976).

Affirmed as modified.

BASHARA, P. J., concurred.

D. T. ANDERSON, J. *(dissenting).* I respectfully dissent. This was not the first conviction of defendant after enactment of the statute permitting indeterminate sentencing. 1927 PA 175 grants to circuit judges the basic authority to sentence but restricts the penalty so that it will not be greater

than the penalty prescribed by law (Ch IX, § 1).
MCLA 769.1; MSA 28.1072. A further limitation is
placed on that general authority by Ch IX, § 8,
1927 PA 175 (MCLA 769.8; MSA 28.1080), which
provides:

"When any person shall hereafter be convicted *for
the first time* of crime committed after this act takes
effect * * * the court imposing sentence shall not fix a
definite term of imprisonment, but shall fix a minimum
term * * * . The maximum penalty provided by law
shall be the maximum sentence". (Emphasis added.)

The phrase "for the first time" was added to the
language formerly contained in 1905 PA 184.
When the Legislature adds words it must be con-
sidered intentional.

*People v Biniecki,* 35 Mich App 335; 192 NW2d
638 (1971), recognizes a conviction for escape from
prison cannot be a conviction "for the first time"
and holds not only that the sentence may be
consecutive as authorized by statute but also it
may be for a definite additional term rather than
an indeterminate sentence.

*People v Bowns,* 39 Mich App 424; 197 NW2d
834 (1972), held that even though escape from
prison was not a conviction "for the first time" the
sentence *could* be an indeterminate sentence.

In the case here at issue the sentence was for 23
months to 24 months. It was apparently the judg-
e's purpose to sentence for as long a period as
possible. "The sentence imposed cannot be treated
as a certain, determinate sentence for any period
beyond the minimum period fixed therein." *In re
Forscutt,* 167 Mich 438, 443; 133 NW 315 (1911).

*People v Ungurean,* 51 Mich App 262; 214
NW2d 873 (1974), while containing some sugges-

tion that a determinate sentence can be imposed for any except a "first conviction" is not really in point.

*In re Weir,* 342 Mich 96; 69 NW2d 206 (1955), is no authority to the contrary because it does not appear his conviction was other than a first conviction.

*People v Lessard,* 22 Mich App 342; 177 NW2d 208 (1970), merely held the judge had failed to exercise his discretion when he imposed an indeterminate sentence. Further, it does not appear this was not Lessard's first conviction.

*People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972), addresses itself only to the preservation of the policy contained in the indeterminate sentencing provisions of the statute. It does not consider whether an indeterminate sentence is the only type of sentence which can be imposed under the sentencing statutes. It does state, "[n]ote the court did not hold the sentences imposed [in *Lessard, supra],* to be determinate and thereby in conflict with MCLA 769.8; MSA 28.1080." *People v Tanner, supra,* at 688. Undoubtedly the section of the statute referred to does mandate an indeterminate sentence for a "first conviction"—but for that only.

The sentencing options available to a court are:

(1) An indeterminate sentence (mandatory) for a first offense,

(2) A determinate sentence (discretionary), or an indeterminate sentence, for a second or subsequent offense, and

(3) Upon special application by the prosecutor, a supplemental determinate or indeterminate sentence for a second, third or fourth offense, with increased maximums.

I would affirm with the sentence set as a determinate sentence for a term of 23 months.