PEOPLE v ROBERTS

Docket No. 77-3280. Submitted April 6, 1978, at Lansing.—Decided
November 28, 1978. Leave to appeal applied for.

Millando L. Roberts was convicted, on his plea of guilty, of
larceny in a building. The Genesee Circuit Court, Earl E.
Borradaile, J., sentenced the defendant to a term of four years
in prison, with credit for time served. The defendant appeals,
alleging 1) that the circuit court failed to inform him of the
elements of the offense, 2) that the court failed to inform him
that defense witnesses would be produced at court expense, and
3) that the determinate term of imprisonment was improper
because it was not in compliance with the indeterminate sen-
tence statute. *Held:*

1. The first two allegations do not amount to error, and they
are certainly not reversible error.

2. The determinate sentence was improper as there is no
statutory authority for such a sentence. Thus the sentence is
vacated and the matter is remanded to circuit court for resen-
tencing. On resentencing, the defendant should be given an
indeterminate sentence with a minimum term not exceeding
two-thirds of the maximum term.

Remanded for resentencing.

ALLEN, P.J., dissented. He would hold that the indeterminate
sentence statute applies only to those "convicted for the first
time" and that the defendant's determinate sentence was
proper. He would affirm.

OPINION OF THE COURT

1. CRIMINAL LAW—SENTENCES—INDETERMINATE SENTENCES—DETER-
MINATE SENTENCES—STATUTES.

There is no statutory authority for giving a convicted defendant a

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 21 Am Jur 2d, Criminal Law §§ 540, 592.
[2, 7] 21 Am Jur 2d, Criminal Law § 614.
    39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 20.
[3] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 20.
[5] 21 Am Jur 2d, Criminal Law §§ 324-327, 339.
[6] 21 Am Jur 2d, Criminal Law § 348.

determinate sentence; therefore, where a judge sentenced a defendant to a jail term of only the maximum term allowed for the crime for which the defendant was convicted, with no minimum term, the matter should be remanded for resentencing in accordance with the indeterminate sentencing statute (MCL 769.8; MSA 28.1080).

2. CRIMINAL LAW—SENTENCES—INDETERMINATE SENTENCES—PRIOR CONVICTIONS—STATUTES—COURT RULES.

Indeterminate sentences are mandated for all convicted defendants, without reference to the number of prior convictions that a defendant may have; where a defendant is charged in a supplemental information as a second, third or fourth offender the maximum sentence may be enhanced accordingly but the sentence must still comply with the indeterminate sentencing act (MCL 769.8, 769.10, 769.11, 769.12; MSA 28.1080, 28.1082, 28.1083, 28.1084, GCR 785.8[3]).

3. CRIMINAL LAW—SENTENCES—FIRST-TIME OFFENDER—PRIOR FELONY CONVICTIONS—SUPPLEMENTAL INFORMATION.

A defendant must be sentenced as a first-time offender, even where the defendant has prior convictions, where the prosecutor has elected not to file a supplemental information charging the defendant as a second, third or fourth offender.

4. CRIMINAL LAW—SENTENCES—INDETERMINATE SENTENCES—ALLOWABLE MINIMUM TERM—STATUTES.

An indeterminate sentence should have a minimum term of years not exceeding two-thirds of the maximum term of years given (MCL 769.8; MSA 28.1080).

DISSENT BY ALLEN, P.J.

5. CRIMINAL LAW—ELEMENTS OF OFFENSE—EXPLANATION TO DEFENDANT—COURT RULES.

*The specific elements of an offense with which a defendant is charged need not be stated or explained to a defendant (GCR 1963, 785.7[1][a]).*

6. WITNESSES—CRIMINAL LAW—SUPPLYING WITNESSES AT COURT'S EXPENSE—INFORMATION TO DEFENDANT.

*There is no requirement that a defendant be expressly informed that defense witnesses will be provided at the court's expense.*

7. Criminal Law—Sentences—Indeterminate Sentences—First-
     Time Offenders—Prior Convictions—Statutes.

*An indeterminate sentence is required for a person who is "con-
victed for the first time"; it is not required for a defendant who
is convicted for a second or subsequent time (MCL 769.8; MSA
28.1080).*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Robert F. Leonard,*
Prosecuting Attorney, and *Donald A. Kuebler,*
Chief Appellate Division, for the people.

*Rosenberg, Hartsook & Spuhler,* for defendant
on appeal.

Before: ALLEN, P.J., and V. J. BRENNAN and
M. F. CAVANAGH, JJ.

M. F. CAVANAGH, J. Defendant was charged with
and pled guilty to the offense of larceny in a
building, MCL 750.360; MSA 28.592. He was sen-
tenced to four years imprisonment with credit for
time served, and appeals by right. For the pur-
poses of this opinion, we adopt the further state-
ment of facts and errors involved set out in the
dissent.

We concur with our brother ALLEN that the
errors claimed in regard to the plea-taking proce-
dure lack merit. The conviction should be affirmed.

We disagree that the sentence too should be
affirmed.

By a 1902 amendment of the Constitution of
1850, the Legislature was given the authority to
establish indeterminate sentences. They did so by
1903 PA 136. The subsequent amendments[1] indi-
cate no departure from the indeterminate nature
of the sentencing scheme. Nowhere can there be

[1] 1905 PA 184; 1921 PA 259; 1927 PA 175.

found specific statutory authority for a determinate sentence and, failing this, the sentence rendered in this case must fall.

The dissent makes a good argument for the literal interpretation of the language of MCL 769.8; MSA 28.1080, limiting its application to a person "convicted for the first time". However, such an interpretation then renders meaningless MCL 769.10; MSA 28.1082 (second felony conviction), MCL 769.11; MSA 28.1083 (third conviction), and MCL 769.12; MSA 28.1084 (fourth conviction). In each of those subsequent sections the Legislature very clearly provided what the punishment could be for somebody convicted of subsequent felonies. It is interesting to note that even those subsequent sections, although increasing the allowable maximum, all provide for indeterminate sentencing. In other words, for the second conviction (MCL 769.10; MSA 28.1082) it is provided, "may be placed on probation or sentenced to imprisonment for a term not more than 1-1/2 times the longest term prescribed for a first conviction of such offense or for any lesser term in the discretion of the court".

Furthermore, even assuming *arguendo* that the dissent's reading of MCL 769.8; MSA 28.1080, is correct, GCR 1963, 785.8(3) requires the sentencing judge to "state the minimum and maximum sentence imposed by the court". The literal language of the rule established by the Supreme Court, which would take precedence over inconsistent legislation in matters of practice and procedure, *Buscaino v Rhodes,* 385 Mich 474; 189 NW2d 202 (1971), *People v Joker,* 63 Mich App 421; 234 NW2d 550 (1975), clearly mandates an indeterminate sentence, without reference to number of previous convictions. At the very least, GCR 1963,

785.8(3) indicates the correct interpretation to be given the sentencing statute in issue.

The annotations are replete with citations which indicate that to charge someone as a second, third, or fourth offender a supplemental information must be filed and a trial had, if necessary, on that supplemental information.[2] Upon conviction the specified penalty can be imposed. The dissent suggests that this can be done without any supplemental information and without any adjudication of any prior convictions. To do so, we are persuaded, would shortcut a legislative scheme designed to be implemented by the prosecutor. The Legislature has provided a relatively simple method for the prosecutor to reach a second, third, or fourth-time offender, and to increase his punishment. If the prosecutor elects not to so charge but instead simply charges as a first-time offender the only punishment authorized by the Legislature is an indeterminate sentence. The court cannot exceed this authority and the limitations specified in *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972), apply.[3]

We accordingly vacate the sentence heretofore imposed and remand to the trial court for resentencing pursuant to the *Tanner* opinion.

V. J. BRENNAN, J., concurred.

ALLEN, P.J. *(dissenting).* Defendant was charged

---

[2] *See* MCL 769.13; MSA 28.1085, *In re Brazel,* 293 Mich 632; 292 NW 664 (1940), and *People v Parker,* 50 Mich App 537; 213 NW2d 576 (1973).

[3] It is interesting to note that Tanner was 23 at the time he was sentenced for manslaughter, which was taken as an included offense of the crime charged, first-degree murder. Tanner had two prior convictions: attempted larceny from a building and unarmed robbery. Records and Briefs, Supreme Court, 4 December term 1971, Defendant-Appellant's Brief, 3 and Appendix, 4a.

with and pled guilty to the offense of larceny in a building, MCL 750.360; MSA 28.592. Defendant was sentenced to four years imprisonment with credit for time served. Defendant now appeals of right, claiming error in the taking of his plea and in the determinate nature of his sentence.

Two errors are alleged in regard to the plea-taking. Defendant contends (1) that the court failed to inform him of the elements of the offense, and (2) that the court failed to inform him that defense witnesses would be produced *at court expense*. Neither of these allegations amount to error, and they are certainly not reversible error. The court rule and case law are clear that the specific elements of an offense need not be stated or explained. GCR 1963, 785.7(1)(a); *People v Clifton,* 70 Mich App 65; 245 NW2d 175 (1976). Defendant herein was adequately apprised of the offense and the nature of the offense. In taking defendant's plea, the court complied with GCR 1963, 785.7. In particular, it complied with GCR 1963, 785.7(1)(g)(v), (vi), and (vii) which concern the right to confront witnesses. There is no requirement that a defendant be expressly informed that such witnesses will be provided at the court's expense. Moreover, the impact of the existing requirement leads to the inference that there is no burden on the defendant, financial or otherwise, to produce witnesses.

The more significant issue raised by defendant regards his sentencing. Defendant was sentenced to a four-year prison term. This was the maximum prison sentence permitted. MCL 750.503; MSA 28.771. No indeterminate sentence pursuant to MCL 769.8; MSA 28.1080 was given. Defendant contends that his sentence and any other sentence which is not an indeterminate sentence violates

the indeterminate sentencing policies of this state. I disagree.

Defendant's argument is twofold. First, indeterminate sentencing requires a sentence with a minimum at least one-third less than the maximum. Second, in Michigan, indeterminate sentencing is required in all cases. Defendant relies primarily on *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972), and the following language from that case:

"Convinced as we are, that a sentence with too short an interval between minimum and maximum is not indeterminate, we hold that any sentence which provides for a minimum exceeding two-thirds of the maximum is improper as failing to comply with the indeterminate sentence act." 387 Mich at 690.

As defendant contends, *Tanner* established the parameters for indeterminate sentences. However, *Tanner* did not deal with the question of when an indeterminate sentence was proper or necessary. There was no question that the defendant in *Tanner* received an indeterminate sentence. Neither the majority nor the dissent in *Tanner* discussed when an indeterminate sentence is required, and the case must be read in this context. When the language quoted above is examined in its proper context, it is apparent that the parameters established are relevant only when dealing with an indeterminate sentence.

An indeterminate sentence is required by statute, MCL 769.8; MSA 28.1080, for a person who is "convicted for the first time". This language is found in the first clause of the statute. It was expressly added to the statute by the Legislature in 1905,[1] and it is still retained. This unambiguous

_____
[1] 1905 PA 184.

legislative statement cannot be ignored. The Legislature intended that the indeterminate sentencing statute *must* be applied only to first offenders. The Legislature established a scheme permitting a determinate sentence for other than first offenders. In the instant case, defendant had four prior felony convictions. Hence, defendant was not a first offender and the sentencing judge did not have to apply indeterminate sentencing. The four-year sentence defendant received was within the range permitted and there was no abuse of discretion in giving the sentence in this case.

Defendant calls attention to a pair of recent cases representing a split of authority in this Court. *People v Redwine,* 73 Mich App 83; 250 NW2d 550 (1976), held that a sentence of 23 to 24 months for a person who was not a first offender violated the indeterminate sentencing statute in light of the parameters set forth in *People v Tanner, supra. People v Banks,* 73 Mich App 492; 252 NW2d 501 (1977), while recognizing *People v Tanner, supra,* held that a sentence of 3 to 4 years to a defendant with prior felony convictions was not a violation of the indeterminate sentencing statute because that statute did not apply to other than first offenders. These cases dealt with the limits placed on a sentencing judge when giving an indeterminate sentence to a person other than a first offender. This is not the situation before us, and, therefore, I decline to discuss the issue of *Redwine* and *Banks.* The instant case deals with a determinate sentence and, as has been discussed above, a judge's discretion to give such a sentence to subsequent offenders has not been precluded by the indeterminate sentencing statute.

I would affirm.