PEOPLE v CHAPA

Docket No. 62274. Decided October 29, 1979. On application by the defendant for leave to appeal the Supreme Court, in lieu of granting leave to appeal, set aside the defendant's sentence and remanded to the circuit court for resentencing.

Arturo Chapa was convicted on his plea of guilty in the Bay Circuit Court, John X. Theiler, J., of delivery of heroin. The trial court, in sentencing the defendant to imprisonment for 8 to 20 years, commented that the sentence was in accordance with a local policy of mandatory prison terms for heroin dealers which "removes much of the discretion" which the court might otherwise have in sentencing the defendant. The Court of Appeals, R. B. Burns, P.J., and Walsh and Clements, JJ., affirmed in an unpublished per curiam opinion (Docket No. 77-2184). The defendant applies for leave to appeal. *Held:*

For most crimes, the Legislature has adopted a policy of individualized sentencing. The record shows that a "local policy" for sentencing those convicted of a particular offense replaced the discretion of the sentencing judge in this case. The sentencing judge erred in limiting his discretion in accordance with the stated local policy. The defendant's sentence is set aside, and the case is remanded to the Bay Circuit Court for resentencing.

Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *George B. Mullison,* Prosecuting Attorney, for the people.

State Appellate Defender (by *Janet Tooley)* for defendant.

PER CURIAM. When the record shows that a local policy has replaced the discretion of a sentencing judge, reversible error has been committed. This defendant must be resentenced.

I

Arturo Chapa was charged in Bay Circuit Court with delivery of and conspiracy to deliver heroin. He pled guilty to the heroin delivery charge in return for dismissal of the conspiracy charge. On April 17, 1977, the judge, in sentencing him to imprisonment for 8 to 20 years, said in part:

"The court is well acquainted with the program that Saginaw County has concerning heroin and it goes without saying that that has considerable impact upon our community, and in order to protect this area we have to give consideration to the program that they have.

"Accordingly it is our opinion that *this removes much of the discretion that the court might otherwise have relative to sentences.* There's no mistake here it was a very deliberate intent to participate in the delivery of a controlled substance, and that was heroin, and I see no mitigating circumstances arising out of the actual sales transaction.

"Accordingly, it is the opinion of the court that *we have an obligation to sentence you to prison and that in accordance with the other standards that are being used, it must be a very stringent sentence.* Accordingly, it is our sentence and judgment that you be confined to the State Prison of Southern Michigan, Blackman Township, Jackson County, Michigan, for a minimum period of 8 years which is fixed by the court and a maximum period of 20 years which is fixed by law." (Emphasis added.)

Chapa claimed on appeal that the sentence was "illegal" because it was based on a policy of mandatory prison terms for heroin dealers despite his personal qualifications for probation or leniency. The Court of Appeals affirmed.

## II

There are few crimes for which the Legislature has adopted a policy requiring a minimum term of imprisonment.[1] For most crimes, the policy is for individualized sentencing:

"The modern view of sentencing is that the sentence should be tailored to the particular circumstances of the case and the offender in an effort to balance both society's need for protection and its interest in maximizing the offender's rehabilitative potential. While the resources allocated for rehabilitation may be inadequate and some persons question whether rehabilitation can be achieved in the prison setting, this view of sentencing is the present policy of the state. A judge needs complete information to set a proper individualized sentence." *People v McFarlin,* 389 Mich 557, 574; 208 NW2d 504 (1973).

The sentencing judge erred here in limiting his discretion in accordance with the stated local policy.

In lieu of granting leave to appeal, pursuant to GCR 1963, 853.2(4), we set aside the defendant's sentence and remand to the Bay Circuit Court for resentencing. We have considered the defendant's remaining issue and find it without merit. The defendant's motion to consolidate has become moot and is denied.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.

---

[1] See, *e.g.,* MCL 750.227b; MSA 28.424(2).