PEOPLE v LANGHAM

Docket No. 49240. Submitted October 9, 1980, at Lansing.—Decided
November 4, 1980. Leave to appeal denied, 410 Mich 892.

Raymond Langham was convicted, on his plea of guilty, of deliv-
ery of less than 50 grams of cocaine and being a third felony
offender, Ingham Circuit Court, Thomas L. Brown, J. The
defendant was sentenced to a determinate eight years, with no
minimum or maximum sentence. The defendant appeals alleg-
ing that his conviction must be set aside because the Public
Health Code of 1978 for controlled substances violates the
"title-object" clause of the Michigan Constitution and that his
sentence as an habitual offender must be indeterminate. *Held:*

1. The body of the Public Health Code of 1978 does not
violate the "title-object" clause of the Michigan Constitution.

2. The sentence imposed on a defendant convicted as an
habitual offender must be indeterminate. The sentencing court
shall fix both the minimum and maximum sentence and the
sentence imposed shall be considered an indeterminate sen-
tence. The sentencing court is allowed to sentence an habitual
offender for a third felony conviction to twice the longest term
prescribed by law for a first conviction of that offense or for a
lesser term, or, if the subsequent felony is punishable by life
imprisonment upon a first conviction, to imprisonment for life
or for a lesser term.

3. It is axiomatic that a court must enforce clear and unam-
biguous statutory provisions as written since the Legislature is
presumed to have intended the plain meaning of the words
used by it. Correct and proper interpretation of a statute means
giving effect to every word of the statute and every effort must
be made to avoid declaring any portion of the Legislature's
language to be mere surplusage.

4. The Michigan court rules require that the sentencing court

REFERENCES FOR POINTS IN HEADNOTES

[1] 39 Am Jur 2d, Health § 20.
[2-5] 21 Am Jur 2d, Criminal Law §§ 592, 614.
  39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 30.
[6, 7] 73 Am Jur 2d, Statutes §§ 145, 146, 196.
[8] 21 Am Jur 2d, Criminal Law §§ 535, 540.

state the minimum and maximum sentence imposed by the court and failure to comply shall require resentencing and such court rules established by the Supreme Court take precedence over inconsistent legislation in matters of practice and procedure.

Affirmed but sentence modified.

1. CONSTITUTIONAL LAW — HEALTH — PUBLIC HEALTH CODE.

   The body of the Public Health Code of 1978 does not violate the "title-object" clause of the Michigan Constitution (MCL 333.1101 *et seq.;* MSA 14.15[1101] *et seq.).*

2. CRIMINAL LAW — HABITUAL OFFENDERS — SENTENCING — INDETERMINATE.

   The sentence imposed on a defendant convicted as an habitual offender must be indeterminate.

3. CRIMINAL LAW — HABITUAL OFFENDERS — STATUTES.

   Prior to amendment, effective September 1, 1978, the courts of Michigan held that the indeterminate sentence act did not apply to habitual criminal convictions (MCL 769.8, 769.9, 769.10, 769.11; MSA 28.1080, 28.1081, 28.1082, 28.1083).

4. CRIMINAL LAW — HABITUAL OFFENDERS — STATUTES.

   An habitual offender, although not charged as such, comes within the purview of the indeterminate sentencing act and such a defendant must be given an indeterminate sentence (MCL 769.8; MSA 28.1080).

5. CRIMINAL LAW — HABITUAL OFFENDERS — INDETERMINATE SENTENCE.

   The habitual offender act provides that if a defendant is sentenced to imprisonment for any term of years as an habitual offender, the court shall fix both the minimum and maximum sentence and the sentence imposed shall be considered an indeterminate sentence (MCL 769.11[2]; MSA 28.1083[2]).

6. STATUTES — STATUTORY CONSTRUCTION.

   It is axiomatic that a court must enforce clear and unambiguous statutory provisions as written since the Legislature is presumed to have intended the plain meaning of the words used by it.

7. STATUTES — STATUTORY CONSTRUCTION.

   Correct and proper interpretation of a statute means giving effect to every word of the statute and every effort must be made to

avoid declaring any portion of the Legislature's language to be mere surplusage.

8. CRIMINAL LAW — SENTENCING — COURT RULES.

 The Michigan court rules require that the sentencing court state the minimum and maximum sentence imposed by the court and failure to comply shall require resentencing and such court rules established by the Supreme Court take precedence over inconsistent legislation in matters of practice and procedure (GCR 1963, 785.8).

*Frank J. Kelley, Attorney General, Robert A. Derengoski,* Solicitor General, *Peter D. Houk,* Prosecuting Attorney, and *Charles M. Sibert,* Chief Appellate Attorney, for the people.

*Ronald J. Bretz,* Assistant State Appellate Defender, for defendant on appeal.

Before: V. J. BRENNAN, P.J., and ALLEN and BEASLEY, JJ.

ALLEN, J. On October 1, 1979, defendant pled guilty to delivery of less than 50 grams of cocaine, in violation of MCL 333.7401(2)(iv); MSA 14.15(7401)(2)(iv), and to being a third felony offender in violation of MCL 769.11; MSA 28.1083. Pursuant to a plea and sentence agreement, defendant was sentenced to eight years with the Michigan Corrections Commission. Defendant's sentence was a determinate eight years with no minimum nor maximum. Defendant appeals as of right from both his conviction and sentence.

First, defendant maintains that his conviction must be set aside because the Public Health Code of 1978 for controlled substances violates the "title-object" clause of the Michigan Constitution. Defendant's argument has recently been before this Court in *People v Trupiano,* 97 Mich App 416; 296 NW2d 49 (1980). *Trupiano* contains an excel-

lent analysis of defendant's arguments and concludes that the body of the Public Health Code of 1978 does not violate the "title-object" clause of the Michigan Constitution. We hold likewise.

However, defendant's claim of error with regard to his sentencing is more persuasive. Defendant maintains that his sentencing as an habitual offender must be indeterminate. We agree. Nowhere can there be found specific statutory authority for a determinate sentence. *People v Roberts,* 87 Mich App 262, 264-265; 274 NW2d 30 (1978), *lv den* 406 Mich 874 (1979).

Prior to amendment, effective September 1, 1978, a third felony offender could "be sentenced to imprisonment for a term not more than twice the longest term prescribed by law for a first conviction of such offense or for any lesser term *in the discretion of the court".* MCL 769.11; MSA 28.1083. (Emphasis added.) The courts of this state had construed this language and determined that the indeterminate sentence act did not apply to habitual criminal convictions. *People v Ungurean,* 51 Mich App 262, 267; 214 NW2d 873 (1974). See generally, *In re Wilson,* 295 Mich 179; 294 NW 145 (1940), overruled by *Brinson v Genesee Circuit Judge,* 403 Mich 676; 272 NW2d 513 (1978).

In 1978, the Legislature amended MCL 769.11; MSA 28.1083, to eliminate the phrase "in the discretion of the court" in the quoted language above. Additionally, the Legislature added subparagraph (2) which states:

"If the court pursuant to this section imposes a sentence of imprisonment for any term of years, the court shall fix the length of both the minimum and maximum sentence within any specified limits in terms of years or fraction thereof, and the sentence so imposed shall be considered an indeterminate sentence."

Prior to the time this amendment became effective in September, 1978, panels of this Court reached different results in applying the indeterminate sentence act to habitual or multiple offenders. In *People v Redwine,* 73 Mich App 83; 250 NW2d 550 (1976), a panel of this Court held (2 to 1) that a defendant who is an habitual offender, although not charged as such, comes within the purview of the indeterminate sentencing act and must be given an indeterminate sentence. The defendant's application for leave to appeal was ordered held in abeyance pending decision in *Brinson v Genesee Circuit Judge,* 403 Mich 676; 272 NW2d 513 (1978). In January 1977, while *Brinson* was still pending, another panel of this Court held (2 to 1) that a defendant who is an habitual offender, although not charged as such, did not come within the purview of the indeterminate sentencing act and that determinate sentencing was proper. *People v Banks,* 73 Mich App 492; 252 NW2d 501 (1977).

After the September 1978 amendment to the habitual offender act, a panel of this Court was again confronted with the issue of whether an habitual offender, although not charged as such, comes within the purview of the indeterminate sentencing act and must be given an indeterminate sentence. A two judge majority answered in the affirmative. *Roberts, supra.* The Michigan Supreme Court finally addressed this issue in *Brinson, supra,* in December 1978. A unanimous Court held that an habitual offender, although not charged as such, does indeed come within the purview of the indeterminate sentencing act and that such a defendant must be given an indeterminate sentence. Shortly after *Brinson,* the application for leave to appeal the *Redwine* decision

which was in accord with the later *Brinson* decision, which had been held in abeyance pending *Brinson,* was denied. *Redwine, supra, lv den* 405 Mich 838 (1979). However, the Supreme Court did not specifically address the language contained in the *Roberts* decision, stating that there was no specific statutory authority for determinate sentencing, the 1978 amendment to the habitual offender act, nor the issue of whether an habitual offender, charged as such under the provisions of the habitual offender act, comes within the purview of the indeterminate sentencing act and must therefore be given an indeterminate sentence.

This issue is one of first impression. However, the legislative statutory mandate is clear. Subparagraph (2) of MCL 769.11; MSA 28.1083 clearly and specifically states that if a defendant is sentenced to imprisonment for any term of years as an habitual offender pursuant to this section of the habitual offender act, the court *shall* fix both the minimum and maximum sentence and that the sentence imposed shall be considered an indeterminate sentence. The sentencing court is allowed to sentence an habitual offender to "twice the longest term prescribed by law for a first conviction of that offense or for· a lesser term", MCL 769.11(1)(a); MSA 28.1083(1)(a), or, if the subsequent felony is punishable by life imprisonment upon a first conviction, to "imprisonment for life or for a lesser term", MCL 769.11(1)(b); MSA 28.1083(1)(b). Appellee's assertion that the term "for any term of years" in subparagraph (2) is entirely separate and distinct from the terms "for a lesser term" in subparagraphs (1)(a) and (1)(b) is not persuasive.

It is axiomatic that a court must enforce clear and unambiguous statutory provisions as written.

*Metropolitan Council #23, AFSCME v Oakland County Prosecutor,* 409 Mich 299, 318; 294 NW2d 578 (1980), *Nordman v Calhoun,* 332 Mich 460, 465; 51 NW2d 906 (1952), *Ypsilanti Police Officers Ass'n v Eastern Michigan University,* 62 Mich App 87, 92; 233 NW2d 497 (1975). The Legislature is presumed to have intended the plain meaning of the words used by it. *Fuller Central Park Properties v Birmingham,* 97 Mich App 517; 296 NW2d 88 (1980), *Florentine Ristorante, Inc v City of Grandville,* 88 Mich App 614; 278 NW2d 694 (1979). Correct and proper interpretation means giving effect to every word of the statute. Every effort must be made to avoid declaring any portion of the Legislature's language to be mere surplusage. *Fuller, supra, Deshler v Grigg,* 90 Mich App 49; 282 NW2d 237 (1979), *Stowers v Wolodzko,* 386 Mich 119; 191 NW2d 355 (1971).

If we accepted appellee's argument that the phrase "for a lesser term" allowed the court to impose a determinate sentence while the phrase "for any term of years" was synonymous with the imposition of solely indeterminate sentences, it would result in a finding that the entire subparagraph (2), specifically added by the Legislature by amendment in 1978, was totally surplusage. To find that the Legislature intended to state that if a court imposed an indeterminate sentence, the sentence imposed shall be considered an indeterminate sentence would not comport with the plain meaning of the words employed in subparagraph (2), and would render subparagraph (2) a nullity. This Court will not infer such an intention to the Legislature which is contrary to the plain meaning of the words used.

Furthermore, GCR 1963, 785.8(3) requires that the court "state the minimum and maximum sen-

tence imposed by the court", and that the "provisions of subrule 785.8 are mandatory and failure to comply shall require resentencing". The literal language of GCR 1963, 785.8(3), established by the Supreme Court, takes precedence over inconsistent legislation in matters of practice and procedure. *Roberts, supra, Buscaino v Rhodes,* 385 Mich 474; 189 NW2d 202 (1971), *People v Joker,* 63 Mich App 421; 234 NW2d 550 (1975). GCR 1963, 785.8(3) clearly mandates indeterminate sentencing without regard to a defendant's previous convictions or whether a defendant has been charged as an habitual offender. "At the very least, GCR 1963, 785.8(3) indicates the correct interpretation to be given the sentencing statute in issue". *Roberts, supra,* 265-266.

In lieu of remanding to the sentencing court for resentencing, we correct, pursuant to GCR 1963, 820.1(7), the defendant's sentence to five years, four months minimum term to eight years maximum term, in accord with *Brinson, supra,* the indeterminate sentencing act, MCL 769.11(2); MSA 28.1083(2), and GCR 1963, 785.8(3).