PEOPLE v MUNSON

Docket No. 52720. Submitted April 8, 1981, at Grand Rapids.—Decided July 31, 1981.

Thomas Munson was convicted, on his pleas of guilty, of three separate violations of the controlled substances law, Van Buren Circuit Court, Meyer Warshawsky, J. Defendant appeals, alleging that the controlled substances provisions of the Public Health Code under which he was convicted violate the title-object clause of the Michigan Constitution and that the trial judge's comment that he was committed to a policy of imprisonment for all drug offenders requires the defendant to be resentenced by a different judge. *Held:*

1. The controlled substances provisions of the Public Health Code do not violate the title-object clause of the Michigan Constitution.

2. The statement of the judge regarding drug offenders, when placed in its proper context within the entire sentencing proceeding, was not so offensive as to require resentencing. The record shows that the judge considered the requisite factors and circumstances and imposed individualized sentences on the defendant. He did not base his decision on his stated policy regarding drug offenders.

Affirmed.

1. CONTROLLED SUBSTANCES — CONSTITUTIONAL LAW — PUBLIC HEALTH CODE — STATUTES.

The controlled substances provisions of the Public Health Code of 1978 do not violate the title-object clause of the Michigan Constitution (Const 1963, art 4, § 24, MCL 333.7401 *et seq.;* MSA 14.15[7401] *et seq.).*

2. CRIMINAL LAW — SENTENCING — INDETERMINATE SENTENCING.

The state is committed to a policy of indeterminate sentencing and it is incumbent upon a sentencing judge to exercise his

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes §§ 99, 101.
[2] 21 Am Jur 2d, Criminal Law §§ 542, 606.

discretion in a manner so as to individualize a sentence to the particular circumstances of the case and to the offender.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Ward S. Hamlin, Jr.,* Prosecuting Attorney, and *Leonard J. Malinowski,* Assistant Attorney General, for the people.

*Janet Tooley,* Assistant State Appellate Defender, for defendant on appeal.

Before: MacKenzie, P.J., and V. J. Brennan and M. F. Cavanagh, JJ.

Per Curiam. Defendant pled guilty to three separate violations of the controlled substances law contrary to MCL 333.7401 *et seq.;* MSA 14.15(7401) *et seq.* In exchange for the plea, two other similar charges and counts were dismissed. He subsequently was sentenced to concurrent terms of 20 months to 3-1/2 years, 3 years to 7 years and 2-1/2 to 5 years. He now appeals as of right.

On appeal, defendant first argues that his conviction must be set aside because the statute under which he was convicted, the Public Health Code of 1978, violates the title-object clause of Const 1963, art 4, § 24. This identical issue recently has been presented, argued, considered and rejected by this Court. *People v Ward,* 107 Mich App 38; 308 NW2d 664 (1981), *People v Langham,* 101 Mich App 391; 300 NW2d 572 (1980), *People v Trupiano,* 97 Mich App 416; 296 NW2d 49 (1980). All three cases contain excellent analysis of defendant's argument and conclude that the body of the Public Health Code does not violate the one-object doctrine. We now hold likewise.

Defendant next argues that the statement by the sentencing judge that he was "committed to the position that any involvement with drugs earns either time in jail or in prison" irrevocably tainted the state's policy that sentences are to be individualized, and, hence, he must be resentenced by a different judge.

We are in full accord with the defendant's statement of the law. This state is committed to the policy of indeterminate sentencing and it is incumbent upon the sentencing judge to exercise his discretion so as to individualize the sentence to the particular circumstances of the case and the offender. *People v Chapa,* 407 Mich 309; 284 NW2d 340 (1979), *People v McFarlin,* 389 Mich 557, 574; 208 NW2d 504 (1973). The sentencing judge is not permitted to abdicate his discretion to individualize the sentence to either local policy or his own preconceived notions.

However, we disagree with the defendant's application of the above stated law to the instant case. We do not find that the one statement, albeit ill-advised, so overrode all other valid sentencing considerations as to void the sentencing on that basis. The record clearly demonstrates that the judge carefully pointed out different facets of the crimes and defendant's record so as to render individualized sentences. Defendant was permitted to allocute at length concerning his own rehabilitation; the court considered a presentence report; the court on the record considered sentencing factors and mitigating circumstances; and the resultant sentences were well below the maximum sentences allowed by the law. *People v Hooks,* 101 Mich App 673, 681-682; 300 NW2d 677 (1980). When the judge's comment is viewed in light of the totality of the sentencing proceedings, we are

convinced that the judge did not base his decision solely on the above comment so as to evidence lack of exercise of discretion in individualizing defendant's sentences.

Affirmed.