PEOPLE v CRAWFORD

Docket No. 73159. Submitted January 18, 1985, at Detroit.—Decided July 2, 1985.

James F. Crawford, Jr., was convicted of first-degree criminal sexual conduct and assault with intent to commit murder, Monroe Circuit Court, James J. Kelley, J. Defendant was sentenced to concurrent prison terms of from 80 to 120 years. Defendant appealed, alleging that the sentences imposed were excessive. *Held:*

1. Although the sentences were several times longer than those suggested by the sentencing guidelines, that alone does not render them shocking to the judicial conscience. The sentencing guidelines were not mandatory at the time of defendant's sentencing, and divergence from the guidelines is encouraged where justice so requires. Furthermore, the trial court adequately stated its reasons for imposition of the harsh punishment.

2. Although the Court of Appeals might not have imposed sentences as long as those herein, the Court, in the circumstances of this case, does not find the sentences to be an abuse of the trial court's discretion such as to shock the judicial conscience.

Affirmed.

1. CRIMINAL LAW — SENTENCING — CRITERIA FOR SENTENCING.

Criteria which a trial court should consider when determining an appropriate sentence include: (1) the disciplining of the wrongdoer; (2) the protection of society; (3) the potential for reformation of the offender; and (4) the deterrence of others from committing like offenses.

2. CRIMINAL LAW — SENTENCING — INDIVIDUAL SENTENCING.

A defendant's sentence should be tailored to the particular circumstances of the case and of the offender in an effort to

REFERENCES FOR POINTS IN HEADNOTES

[1-3] Am Jur 2d, Criminal Law §§ 604 *et seq.*

See the annotations in the ALR3d/4th Quick Index under Sentence and Punishment.

balance society's need for protection and its interest in maximizing the offender's potential for rehabilitation.

3. Criminal Law — Sentencing — Sentencing Guidelines — Length of Sentence.

 The fact that a prison sentence is several times longer than that suggested by the sentencing guidelines, standing alone, does not make the sentence one that shocks the judicial conscience; divergence from the guidelines is encouraged where justice so requires.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William F. Lavoy,* Prosecuting Attorney, and *Lawrence J. VanWasshenova,* Assistant Prosecuting Attorney, for the people.

*James H. Davies,* for defendant on appeal.

Before: Cynar, P.J., and Beasley and R. E. Robinson,* JJ.

Per Curiam. Defendant was found guilty by a jury of first-degree criminal sexual conduct, MCL 750.520b(1)(f); MSA 28.788(2)(1)(f), and assault with intent to commit murder, MCL 750.83; MSA 28.278. The Monroe County Circuit Court sentenced defendant to concurrent sentences of from 80 to 120 years for the two convictions. Defendant now appeals his sentences as of right, arguing that the sentences vastly exceeded the sentencing guidelines recommendations and should shock the judicial conscience.

This Court reviews a defendant's sentence to determine whether the trial court, in imposing the sentence, abused its discretion to the extent that it shocks the conscience of the appellate court. *People v Coles,* 417 Mich 523, 550; 339 NW2d 440

---

* Former Circuit judge, sitting on the Court of Appeals by assignment.

(1983). The trial court is required by *Coles* to state on the record the criteria it considered in imposing a sentence. Criteria to be considered in determining an appropriate sentence include: (1) the disciplining of the wrongdoer; (2) the protection of society; (3) the potential for reformation of the offender; and (4) the deterring of others from committing like offenses. *Id.* The sentence should be tailored to the particular circumstances of the case and of the offender in an effort to balance both society's needs for protection and its interest in maximizing the offender's rehabilitative potential. *People v McFarlin*, 389 Mich 557, 574; 208 NW2d 504 (1973). It is error for the trial court to limit its discretion to consider only protection of the community because of the policy for individualized sentencing. *People v Chapa*, 407 Mich 309; 284 NW2d 340 (1979).

In the present case, the trial court imposed a prison sentence of 80 to 120 years for each conviction for "your own punishment, and for the protection of society, and incidentally, for whatever rehabilitative effect it may have upon you".

The trial court listed several reasons for these harsh sentences. After stating that defendant's only prior conviction was a misdemeanor assault, the trial court first noted the violence of defendant's crime: defendant raped the victim, then stabbed her 25 times, once in the eye, and left her for dead in a secluded area. The trial court then noted aspects of defendant's character: that defendant customarily carried a large knife and, had he been carrying it at the time of the assault, the victim would be dead; that defendant was trained to kill while in the military service and was boastful of his strength; and that defendant had a bad temper. Finally, the trial court noted the injuries

to the victim: that she lost an eye and suffered serious emotional trauma.

Thus, the trial court adequately stated its reasons for the harsh punishment it gave. Although the sentences are 8 to 13 times that suggested by the sentencing guidelines, that alone does not make the sentences shocking, contrary to defendant's assertion. The guidelines were not mandatory at the time of defendant's sentencing and divergence from the guidelines is encouraged where justice so requires. The question is whether his sentences properly balance society's needs against the potential for defendant's rehabilitation.

We prefer to leave sentences to the discretion of each judge. It would be easy enough for the Legislature, or perhaps the Supreme Court, to make sentences absolutely uniform, but clearly neither the Legislature nor the Supreme Court has chosen that route. Agreeing with that policy, we perceive that to give it effect appellate judges should be very slow to substitute their judgment in sentencing for the exercise of discretion in sentencing that the trial judge makes.

In this case, we doubt that, if we were sitting as a trial judge, we would impose sentences of not less than 80 years nor more than 120 years in prison. But, as indicated, the appellate review of a sentence does not have for a purpose another substitute sentence and another subjective exercise of discretion. From a defendant's standpoint in viewing length of time to be served, there is no sentence more severe than a life sentence. A sentence of 80 to 120 years is almost certain to be longer than a defendant's life. Consequently, the purpose of a 80- to 120-year sentence seemingly has to be to recognize the heinous nature of defen-

dant's crime and to tell the public that such conduct will not be tolerated.

The trial judge obviously felt that punishment of defendant, deterrence, and the need to protect society in this case outweighed defendant's rehabilitation potential. We cannot quarrel with this assessment.

The Legislature has fixed the maximum penalty for rape at life imprisonment. Presumably a sentencing judge could reach this maximum based on a prior felony record—which does not exist in this case—or based on the horrendous nature of an isolated offense. It would be difficult to imagine a more brutal offense than the one before us.

The record here indicates an unusually violent, horrible sexual crime, accompanied by an almost random, senseless atrocity upon another human being, *i.e.*, defendant intentionally stabbed and cut his victim's eye and ear after the rape. While these may not have been our sentences if we had been sitting as the trial court, we are not prepared to say that these equivalents of life sentences were an abuse of discretion by the trial judge such as to shock the judicial conscience.

The sentences are affirmed.