*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE CITY OF AUBURN HILLS,

        Plaintiff-Appellee,

v

JAMES THOMAS MASON, JR.,

        Defendant-Appellant.

FOR PUBLICATION
August 22, 2024
9:40 a.m.

No. 367687
Oakland Circuit Court
LC No. 2023-202324-AR

Before: MARKEY, P.J., and BORRELLO and GARRETT, JJ.

BORRELLO, J.

Defendant appeals by leave granted[1] the Oakland Circuit Court's order denying leave to appeal his sentence from his guilty-plea conviction for the misdemeanor offense of driving while license suspended (DWLS), in violation of a local ordinance, that was entered in the 52-3 District Court. For the reasons set forth in this opinion, we vacate defendant's sentence and remand this matter to the district court for resentencing.

## I. BACKGROUND

Defendant, who had previous convictions, pleaded guilty in the 52-3 District Court to the misdemeanor offense of DWLS. After that, the district court sentenced defendant to 93 days in jail for his conviction. At the time of sentencing, defendant was already serving jail time for two other misdemeanor convictions. The district court ordered that defendant's sentence in this case was to be served concurrently with those two sentences to the extent that they overlapped. However, defendant's jail terms in those other two cases were set to expire before he finished serving his jail term in this case, meaning that defendant would spend additional time in jail for this offense.

---

[1] *People of the City of Auburn Hills v Mason*, unpublished order of the Court of Appeals, entered September 13, 2023 (Docket No. 367687).

Defendant filed an application to appeal his sentence in the Oakland Circuit Court. He argued that his sentence should not include jail time based on the statutory presumption of non-jail sentences for ordinary misdemeanors under MCL 769.5(3), and that his sentence was influenced by an impermissible local sentencing policy. The circuit court denied defendant's application, ruling that the district court did not make an error in sentencing the defendant to jail and that there was no evidence of a local sentencing policy.

This Court granted defendant leave to appeal, ordered defendant to be released from jail on a personal recognizance bond, and stayed further proceedings in the lower courts pending resolution of this appeal.

## II. STANDARD OF REVIEW

A trial court's sentencing decisions must be "based on the principle of proportionality." *People v Posey*, 512 Mich 317, 352; 1 NW3d 101 (2023) (opinion by BOLDEN, J.); accord *id*. at 361 (CAVANAGH, J., concurring in part and concurring in the judgment). In Michigan, the "principle of proportionality requires 'sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender.' " *People v Steanhouse*, 500 Mich 453, 474; 902 NW2d 327 (2017), quoting *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). "[A]ppellate courts must review all sentences for reasonableness, which requires the reviewing court to consider whether the sentence is proportionate to the seriousness of the matter." *Posey*, 512 Mich at 352 (opinion by BOLDEN, J.); accord *id*. at 359; *id*. at 361 (CAVANAGH, J., concurring in part and concurring in the judgment); *id*. at 413 (WELCH, J., concurring in part, dissenting in part, and concurring in the judgment).

"[T]he proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the 'principle of proportionality' set forth in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), 'which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender.' " *Steanhouse*, 500 Mich at 459-460. "A sentence is unreasonable—and therefore an abuse of discretion—if the trial court failed to adhere to the principle of proportionality in imposing its sentence on a defendant." *People v Lampe*, 327 Mich App 104, 125; 933 NW2d 314 (2019). Questions of statutory interpretation are reviewed de novo. *People v Carter*, 503 Mich 221, 226; 931 NW2d 566 (2019).

## III. ANALYSIS

Defendant is appealing his sentence, arguing that the district court unfairly sentenced him to jail for the nonserious misdemeanor of driving with a license suspended (DWLS) without sufficient reason. According to defendant, such a sentence violated the statutory rebuttable presumption that individuals convicted of a nonserious misdemeanor should receive a non-jail or non-probation sentence, unless reasonable grounds exist to justify a departure from this presumption. See MCL 769.5(3) and (4).

Under the Michigan Constitution, the Legislature is vested with the authority to "provide for indeterminate sentences as punishment for crime and for the detention and release of persons imprisoned or detained under such sentences." Const 1963, art 4, § 45; see also *People v Boykin*,

510 Mich 171, 183; 987 NW2d 58 (2022). However, the "authority to impose sentences and to administer the sentencing statutes enacted by the Legislature lies with the judiciary." *Boykin*, 510 Mich at 183 (quotation marks and citation omitted). As our Supreme Court has explained:

> Where the Legislature has assigned a range of sentencing outcomes for any given conviction, the trial court has authority to sentence a defendant within that range. Within that range, the sentence should be tailored to the particular circumstances of the case and offender. It is the trial court's duty to exercise discretion in a way that ensures the individualized sentence conforms with the principle of proportionality. An appropriate sentence should give consideration to the reformation of the offender, the protection of society, the discipline of the offender, and the deterrence of others from committing the same offense. However, these are not the only relevant sentencing criteria and trial courts are not required to consider each of these factors when imposing a sentence. [*Id.* at 183-184 (citations omitted).]

Unlike cases involving felony convictions, there are no sentencing guidelines that a sentencing court must consult when sentencing a person convicted of only a misdemeanor offense. See MCL 777.11 (stating that the sentencing guidelines only apply to enumerated felonies); see also MCL 769.34(2). However, MCL 769.5[2] provides in relevant part as follows:

> (3) There is a rebuttable presumption that the court shall sentence an individual convicted of a misdemeanor, other than a serious misdemeanor, with a fine, community service, or other nonjail or nonprobation sentence.

> (4) The court may depart from the presumption under subsection (3) if the court finds reasonable grounds for the departure and states on the record the grounds for the departure.

> * * *

> (7) As used in this section, "serious misdemeanor" means that term as defined in section 61 of the William Van Regenmorter crime victim's rights act, 1985 PA 87, MCL 780.811.

---

[2] The provisions contained in MCL 769.5(3) and (4) creating a rebuttable presumption against imposing jail or probation sentences for nonserious misdemeanors did not exist under the previous version of MCL 769.5, which was MCL 769.5, as amended by 2015 PA 216. This rebuttable presumption and the basis for departing from that presumption were new additions to MCL 769.5 that the Legislature added when it passed 2020 PA 395.

MCL 780.811(1)(a) lists specific misdemeanors or classifications of misdemeanors that are defined as serious.[3] A DWLS charge is not a serious misdemeanor under MCL 780.811(1)(a).

With language providing that there is "a rebuttable presumption that the court shall sentence an individual convicted of a misdemeanor, other than a serious misdemeanor, with a fine, community service, or other nonjail or nonprobation sentence," MCL 769.5(3), and that the court "may depart from the presumption under subsection (3) if the court finds reasonable grounds for the departure and states on the record the grounds for the departure," MCL 769.5(4) ), these statutory provisions establish a sentencing framework for misdemeanor convictions that is similar to the framework for felony convictions and the legislative sentencing guidelines. In *Posey*, 512 Mich at 359, our Supreme Court held that "on appeal, within-guidelines sentences are to be reviewed for reasonableness, but that applying a presumption of proportionality— . . . through which the defendant bears the burden of demonstrating that their within-guidelines sentence is unreasonable or disproportionate—is appropriate." Similarly, a "nonjail or nonprobation sentence" imposed on "an individual convicted of a misdemeanor, other than a serious misdemeanor," pursuant to MCL 769.5(3) is a presumptively proportionate sentence, as a within-guidelines sentence is for a felony conviction.

Nonetheless, under MCL 769.5(4), a court imposing a sentence for an ordinary misdemeanor conviction remains free to depart from the presumption in MCL 769.5(4) "if the court finds reasonable grounds for the departure and states on the record the grounds for the departure." This provision corresponds to MCL 769.34(3), which provides that a "court may depart from the appropriate sentence range established under the sentencing guidelines . . . if the departure is reasonable and the court states on the record the reasons for departure." The " '[s]entencing courts must justify the sentence imposed in order to facilitate appellate review.' " *Boykin*, 510 Mich at 192, quoting *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015).

When reviewing a sentence that constitutes a departure from the recommended minimum guidelines range, the " 'key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range[.]' " *Steanhouse*, 500 Mich at 475, quoting *Milbourn*, 435 Mich at 661. The same principle applies in this case. The pertinent question is not whether defendant's sentence departed from the rebuttable presumption that a non-jail or non-probation sentence is a proportionate sentence for an ordinary misdemeanor. Instead, the question is whether the sentence is "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Steanhouse*, 500 Mich at 474 (quotation marks and citation omitted).

With these principles in mind, we analyze the district court's sentencing rationale in this case. In imposing its sentence, the district court stated:

> The Court is required to take into consideration any risk for recidivism, risk to public safety, and rehabilitation potential when it comes to sentencing. As you

---

[3] MCL 780.811(1)(a) has been amended since defendant's conviction to included additional "serious misdemeanors," but DWLS still has not been added to this list. 2023 PA 177.

know, you're being sentenced today on the charge of driving while license suspended from an offense that occurred on May 30th of 2023.

In terms of criminal history, I'm showing you've got—you're serving a sentence on providing false information to a police officer. The conviction date or disposition date is July 12, 2023; domestic violence, conviction date July 5, 2023. You had driving while license suspended conviction on December 8th of '14; operating while intoxicated third conviction in January of '14 out of the 6th Circuit Court. You were placed on probation for 24 months on that. You also have an operating while intoxicated second conviction out of the 44th District Court, date of disposition 8-4-10. You were also granted the privilege of probation in that case. Operating while intoxicated out of 43rd District Court in 2007, you were granted the privilege of probation in that case, and then it looks like an MIP in East Lansing.

Given your high risk for recidivism, your high risk to public safety, along with low rehabilitation potential, the Court is departing from any rebuttable presumption as it relates to jail and/or fines and costs only and requiring that you do serve the maximum jail sentence of 93 days, credit for 28 days served, to run concurrent with any present sentence.

The district court appropriately took the defendant's criminal history into consideration, but it should also have weighed the seriousness of the offense. Just like in the context of sentencing guidelines, the district court was obligated to explain why a departure sentence of 93 days in jail was more suitable than a non-jail or non-probation sentence under MCL 769.5(3). The district court's explanation for its sentence should have included "an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017) (quotation marks and citation omitted). In making such a determination, relevant factors would include those that demonstrate circumstances taking this particular case outside the realm of the ordinary DWLS case. Cf. *id*. ("Therefore, relevant factors for determining whether a departure sentence is more proportionate than a sentence within the guidelines range continue to include (1) whether the guidelines accurately reflect the seriousness of the crime; (2) factors not considered by the guidelines; and (3) factors considered by the guidelines but given inadequate weight.") (citations omitted).

The district court did not consider the circumstances of the offense and did not explain how its departure sentence was more proportionate than a different sentence would have been. As a result, the court did not adequately justify the imposed sentence, which hinders our appellate review of whether the sentence was reasonable. *Id*.; *Lockridge*, 498 Mich at 392. "[I]f it is unclear why the trial court made a particular departure, an appellate court cannot substitute its own judgment about why the departure was justified." *Dixon-Bey*, 321 Mich App at 529 (quotation marks and citation omitted). We therefore vacate defendant's sentence and remand to the district court for resentencing. *Steanhouse*, 500 Mich at 476 ("If the Court of Appeals determines that [the] trial court has abused its discretion in applying the principle of proportionality by failing to provide adequate reasons for the extent of the departure sentence imposed, it must remand to the trial court for resentencing.").

Defendant also argues that he was sentenced according to a 52-3 District Court sentencing policy. Defense counsel presented sentencing and probationary term data for defendants charged with the same offense and the sentences they received. Although defense counsel acknowledged that his "study" of incarceration rates for DWLS convictions was not "scientific," it did yield some interesting results. In his appeal brief, defendant's counsel wrote:

> The pattern is apparent within the group of 45 individuals the district court has already sentenced. Of the forty-five, only one person was sentenced to a nonjail or nonprobation term: The remaining forty-four defendants were either sentenced to a term of probation, incarceration or a combination of the two. Specifically, thirty were sentenced to a term of incarceration with an average of 83 days per sentence. In total, the district court imposed 2,402 days of incarceration on the 30 individuals, which equates to nearly seven years of total jail time, or 6 years, 7 months and 5 days of jail. Of the forty-five, 21 were sentenced to a term of probation. In total, the district court imposed 399 months of probation on the 21 individuals, with an average of 17.4 months of probation per person. 399 months of probation equates to 33 years and 3 months of probation for the non-serious misdemeanor offenses. Finally, of the 54 cases where a sentence was imposed, the 52/3 District Court imposed jail, probation or a combination of the two in 98.15% of the cases, (53 of 54 cases). (Cleaned up).

In *People v Chapa*, 407 Mich 309, 310; 284 NW2d 340 (1979), our Supreme Court recounted the Bay County circuit court's local policy concerning heroin dealers. Prior to sentencing defendant, the trial judge stated to defendant Chapa:

> The court is well acquainted with the program that Saginaw County has concerning heroin and it goes without saying that that has considerable impact upon our community, and in order to protect this area we have to give consideration to the program that they have. Accordingly it is our opinion that *this removes much of the discretion that the court might otherwise have relative to sentences*. There's no mistake here it was a very deliberate intent to participate in the delivery of a, controlled substance, and that was heroin, and I see no mitigating circumstances arising out of the actual sales transaction. Accordingly, it is the opinion of the court that *we have an obligation to sentence you to prison and that in accordance with the other standards that are being used, it must be a very stringent sentence…* (emphasis in original).

Quoting *People v McFarlin*, 389 Mich 557, 574; 208 NW2d 504 (1973), our Supreme Court held:

> The modern view of sentencing is that the sentence should be tailored to the particular circumstances of the case and the offender in an effort to balance both society's need for protection and its interest in maximizing the offender's rehabilitative potential. While the resources allocated for rehabilitation may be inadequate and some persons question whether rehabilitation can be achieved in the prison setting, this view of sentencing is the present policy of the state. A judge needs complete information to set a proper individualized sentence. *Id.* at 311.

Based on the findings presented by defendant's counsel, it appears that the 52-3 District Court has been sentencing equally situated individuals to very high rates of incarceration and lengthy terms of probation. We note that all the cases brought to this Court concerning this issue initially arose from the 52-3 District Court, and it seems more than a coincidence that individuals charged with DWLS and sentenced by the 52-3 District Court received disproportionately harsh sentences. If the 52-3 District Court has been employing a local sentencing policy, it must cease this practice immediately, as we have long made clear that a sentence that conforms to a local sentencing policy rather than an individualized sentence is invalid. *People v Whalen*, 412 Mich 166, 170; 312 NW2d 638 (1981); *People v Miles*, 454 Mich 90, 96; 559 NW2d 299 (1997); *People v Pointer-Bey*, 321 Mich App 609, 620; 909 NW2d 523 (2017).

Lastly, defendant argues that he should have an opportunity to be sentenced by a different judge. We note that this request is moot because the sentencing judge, Julie A. Nicholson, is no longer a member of the 52-3 District Court.[4] We need not address moot issues. *Pointer-Bey*, 321 Mich App at 626.

We vacate the defendant's sentence and remand this matter to the district court for resentencing in accordance with this opinion. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Kristina Robinson Garrett

---

[4] Governor Gretchen Whitmer, *Governor Whitmer Makes Appointment to the 52-3 District Court* <https://www.michigan.gov/whitmer/news/press-releases/2024/05/17/governor-whitmer-makes-appointment-to-the-52-district-court> (accessed July 10, 2024). At oral argument, defendant's counsel acknowledged that the issue was moot because the trial judge had retired.